LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for PLAINTIFFS

Loretta E. Lynch (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
lelynch@paulweiss.com
Telephone: (212) 373-3000
Facsimile: (212) 373-3990

Patricia Brown Holmes (*pro hac vice*)
Amy Andrews (*pro hac vice*)
Shalem Massey (SBN 143281)
Jennifer Steeve (SBN 308082)
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA 92618
smassey@rshc-law.com
jsteeve@rshc-law.com
Telephone: (949) 359-5515
Facsimile: (949) 359-5501

*Attorneys for Defendant McDonald's Corporation*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company

Plaintiff,

v.

McDONALD'S CORPORATION, a Delaware corporation

Defendant.

**CASE NO. 2:21-cv-04972-FMO-MAA**

**JOINT RULE 26(f) REPORT**

Judge: Hon. Fernando M. Olguin
Date: September 23, 2021
Time: 10:00 a.m.
Place: 350 West 1st Street
Courtroom 6D
Los Angeles, CA 90012

Complaint Filed: May 20, 2021
Case Removed: June 18, 2021

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

Plaintiffs Entertainment Studios Networks, Inc. ("ESN") and Weather Group, LLC ("Weather Group) (together, "Plaintiffs"), together with Defendant McDonald's Corporation ("Defendant" or "McDonald's"), respectfully submit this Joint Rule 26(f) Report in accordance with Federal Rule of Civil Procedure ("Rule") 26(f) and the Local Rules for the Central District of California.

## I. INITIAL DISCLOSURES

The Parties have agreed to exchange Rule 26(a) initial disclosures on October 4, 2021.

## II. RULE 26(F) CONFERENCE

Counsel for the Parties conducted the Rule 26(f) Conference by teleconference on September 2, 2021.

## III. RULE 26(F) REPORT

### A. Factual Summary

Plaintiffs allege that McDonald's refused to advertise on their networks because Plaintiffs are owned by Byron Allen, who is African American. McDonald's claims that its contracting decisions were based not upon Mr. Allen's race, but upon legitimate business reasons.

### B. Subject Matter Jurisdiction

On June 18, 2021, McDonald's removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, which permit removal of state court actions within the original jurisdiction of this Court. (*See generally* ECF No. 1.) This action is within the original jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367. First, this Court has jurisdiction under 28 U.S.C. § 1331 because the action is one that is founded on a claim or right "arising under the Constitution, laws, or treaties of the United States." Count I of the Complaint asserts a cause of action under a federal statute, 42 U.S.C. § 1981. Second, this Court has jurisdiction under 28 U.S.C. § 1343(a)(4) because the action is one to "recover damages or to secure equitable or other relief under any Act of Congress providing for the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

protection of civil rights." Count I of the Complaint asserts a cause of action under a federal civil-rights statute, 42 U.S.C. § 1981. Finally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Count II, which is asserted under California's Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*.

**C. Principal Legal Issues**

The principal legal issues are: (1) whether McDonald's intentionally refused to contract with Plaintiffs on the basis of race in violation of 42 U.S.C. § 1981 and the California Unruh Act; (2) whether this discrimination was the "but for" cause of Plaintiffs' alleged harm; (3) whether McDonald's "contracting process" violated § 1981 and the Unruh Act; (4) whether Plaintiffs' claims are cognizable under the Unruh Act; (5) whether Plaintiffs suffered damages; and (6) whether Plaintiffs' claims are timely under the governing statutes of limitations.

**D. Discovery**

Plaintiffs expect to take discovery on the following topics: (1) McDonald's review and consideration of Plaintiffs' networks as possible advertising opportunities; (2) McDonald's decision not to advertise on the networks and the reasons why; (3) McDonald's decision to advertise on similarly situated networks, including without limitation those networks listed in the First Amended Complaint; (4) racial bias among McDonald's decision-makers; (5) McDonald's factual and affirmative defenses; and (6) the relationship between McDonald's and its advertising agencies.

McDonald's expects to take discovery on the following topics: (1) efforts to sell advertising to McDonald's by Plaintiffs and other companies owned by Byron Allen; (2) the ratings and audience demographics of Plaintiffs' media properties; (3) Plaintiffs' attempts to advertise with advertisers other than McDonald's, including without limitation, feedback received from advertisers that have declined to advertise on Plaintiffs' media properties; (4) Plaintiff Weather Group LLC's advertising before its acquisition by Byron Allen in 2018; (5) Plaintiffs' and Byron

Allen's motivations for filing this lawsuit; and (6) the factual basis for the allegations in the complaint.

The Parties reserve the right to challenge the scope of discovery requests propounded by the other side, including based on relevance and proportionality.

**E. Additional Parties and Amendment of Pleadings**

At this time, the Parties do not anticipate adding additional parties, although Plaintiffs reserve the right to do so based on what they learn in discovery and through their ongoing investigation. The Parties will add parties and amend the pleadings by the deadline set forth below.

**F. Dispositive Motions**

The Parties anticipate filing motions for summary judgment pursuant to the schedule set forth below.

**G. Settlement**

Per Local Rules 16-15.4 and 26-1(c), the Parties state as follows: The Parties would jointly prefer ADR Procedure No. 1, a settlement conference before the magistrate judge, within 30 days after a decision on its motion to dismiss, if the motion is denied in whole or in part.

**H. Discovery Plan and Case Schedule**

The parties disagree about two aspects of the discovery schedule.

(1) First, the parties disagree about when fact discovery should begin.

**McDonald's Position:** McDonald's position is that a brief stay of discovery should be granted to allow for the parties to resolve threshold issues regarding the scope of discovery and to permit the court to rule on the pending motion to dismiss—at a minimum, to potentially narrow the issues in the case. McDonald's intends to file a noticed motion for a stay on or around September 16, 2021. McDonald's does not agree with Plaintiffs' characterization of this dispute or that this is the proper forum to argue our differing positions. As such, McDonald's reserves its arguments for its noticed motion.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**Plaintiffs' Position:** Plaintiffs' position is that they were first informed *today* that McDonald's would seek a discovery stay. This issue was not raised during the Rule 26(f) Conference. Plaintiffs' position is that McDonald's request to stay discovery is premature and not properly before this Court unless and until McDonald's files a noticed motion. While Plaintiffs will meet and confer with McDonald's in an attempt to resolve this dispute, McDonald's request to stay discovery is concerning for several reasons. First, Judge Olguin's Standing Order clearly states that discovery is not stayed while a motion to dismiss is pending. Second, McDonald's proposed approach of staying discovery so that the parties can resolve "threshold issues" is legally unsupported and makes no sense as a practical matter. The Federal Rules of Civil Procedure and this Court's Local Rules are well equipped to handle these issues. The parties should serve discovery per the rules and then meet and confer in the event any discovery disputes arise as a result of this discovery. It is impractical and, frankly, a waste of time for the parties to figure out what "threshold issues" there may be in discovery and then try to resolve these hypothetical issues without the benefit of actual discovery requests, discovery responses and specific objections. That is why no stay should be imposed. Third, the Magistrate Judge should not be forced to issue advisory opinions on hypothetical discovery disputes, and the parties should not be prevented from conducting discovery while the Magistrate Judge is forced to resolve these hypothetical issues. Fourth, there has been no conference of counsel pursuant to Local Rule 7.3 as to this issue. Counsel for the parties participated in a Rule 26(f) conference telephonically, and these issues were not raised by McDonald's at the conference. This is literally a brand new issue raised at the 11th hour by McDonald's. Fifth, this issue is not relevant for purposes of setting the discovery schedule in this case. The Court should set an appropriate schedule, and McDonald's can make a motion to stay discovery following a conference of counsel if it so chooses. And discovery should not be stayed while that motion is pending.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

(2) Second, the parties disagree about the length of fact discovery.

**McDonald's Position:** McDonald's believes that only seven months of fact discovery are warranted: seven months provide ample time for fact discovery in a civil case with only two plaintiffs, one defendant, and two related causes of action. McDonald's position is that there are no special considerations warranting additional time for fact discovery.

**Plaintiffs' Position:** Plaintiffs' position is that 12 months of fact discovery are warranted, but are willing to compromise as is reflected in Plaintiffs' proposed schedule below. While Plaintiffs' agree there are not several parties and several causes of action that would make this a complex case, the discovery that *both sides* intend to take may require significant time. For example, McDonald's intends to take discovery on Plaintiffs' requests for advertising contracts with other advertisers and the responses those advertisers gave to Plaintiffs. McDonald's thus recognizes that the evidence that is relevant and discoverable is not limited to direct communications between the parties, and likely involves third parties.

**Plaintiffs' Proposed Schedule:**

| EVENT | DATE |
|---|---|
| Deadline to add parties or amend pleadings | March 31, 2022 |
| Fact Discovery Deadline | July 29, 2022 |
| Deadline to Disclose Names of Expert Witnesses | July 29, 2022 |
| Deadline to Serve Plaintiffs' Expert Reports | August 30, 2022 |
| Deadline to Serve Defendant's Expert Reports | September 30, 2022 |
| Deadline to Serve Reply Expert Reports | October 21, 2022 |
| Deadline to Complete Expert Discovery | November 18, 2022 |
| Deadline to File Summary Judgment Motions and Motions to Exclude Expert Opinions | December 19, 2022 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

| | |
|---|---|
| Oppositions to Motions for Summary Judgment and Motions to Exclude Expert Opinions Due | January 20, 2023 |
| Replies in Support of Summary Judgment Motions and Motions to Exclude Expert Opinions Due | February 10, 2023 |
| Deadline to Hear Motions (other than motions in limine) | February 24, 2023 |
| Trial | April 25, 2023 |

**Defendant's Proposed Schedule:**

Defendant has proposed two schedules, one in the event a short stay of discovery is granted and one in the event that it is denied:

| EVENT | DATE (WITH STAY) | DATE (NO STAY) |
|---|---|---|
| Beginning of fact discovery; parties may serve discovery requests and previously served requests become effective | November 29, 2021 | N/A |
| Deadline to add parties or amend pleadings | March 31, 2022 | January 3, 2022 |
| Fact Discovery Deadline | June 30, 2022 | April 4, 2022 |
| Deadline to Disclose Names of Expert Witnesses | June 30, 2022 | April 4, 2022 |
| Deadline to Serve Plaintiffs' Expert Reports | July 29, 2022 | May 4, 2022 |
| Deadline to Serve Defendant's Expert Reports | August 30, 2022 | June 3, 2022 |
| Deadline to Serve Reply Expert Reports | September 15, 2022 | June 20, 2022 |
| Deadline to Complete Expert Discovery | October 15, 2022 | July 20, 2022 |
| Deadline to File Summary Judgment Motions and Motions to Exclude Expert Opinions | November 15, 2022 | August 19, 2022 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

| | | |
|---|---|---|
| Oppositions to Motions for Summary Judgment and Motions to Exclude Expert Opinions Due | December 15, 2022 | September 19, 2022 |
| Replies in Support of Summary Judgment Motions and Motions to Exclude Expert Opinions Due | January 16, 2023 | October 19, 2022 |
| Deadline to Hear Motions (other than motions in limine) | February 15, 2023 | November 18, 2022 |
| Trial | April 25, 2023 | January 24, 2023 |

**I. Jury Trial**

The Parties have demanded a trial by jury. The Parties estimate that trial will span approximately five to ten days, subject to revision following the close of fact and expert discovery.

**J. Complex Case**

The Parties agree that this is not a complex case.

**K. Disclosure, Discovery and Preservation of ESI**

The Parties anticipate that discovery will be taken related to the Parties' claims, defenses and damages. Further, the Parties anticipate that discovery in this case will involve electronically-stored information and information or records maintained in electronic form ("ESI"). The Parties intend to negotiate an ESI protocol and protective order, which will include provisions for the clawback of privileged material and an order pursuant to Federal Rule of Evidence 502(d).

**L. Preservation of Discoverable Information**

The Parties understand their obligations to have taken all reasonable and necessary steps to preserve evidence.

**M. Expert Discovery**

The Parties anticipate using expert testimony in support of their claims and defenses. At this time, the Parties believe that any specification on the use or number of expert witnesses is premature. All experts will be disclosed in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

accordance with the schedule proposed in the chart above and the Federal Rules of Civil Procedure.

**N. <u>Other Issues Affecting the Status or Management of the Litigation</u>**

At this time, there are no other issues affecting the status or management of the litigation.

DATED: September 9, 2021 MILLER BARONDESS, LLP

By: /S/ David W. Schecter
DAVID W. SCHECTER
Attorneys for PLAINTIFFS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

By: /S/ Jennifer R. Steeve

Shalem Massey (# 143281)
Jennifer Steeve (# 308082)
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA 92618
smassey@rshc-law.com
jsteeve@rshc-law.com
Telephone: (949) 359-5515
Facsimile: (949) 359-5501

Patricia Brown Holmes (*pro hac vice*)
Amy Andrews (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Ste 2900
Chicago, IL 60602
pholmes@rshc-law.com
aandrews@rshc-law.com
Telephone: (312) 471-8745
Facsimile: (312) 471-8701

Loretta E. Lynch (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
lelynch@paulweiss.com
Telephone: (212) 373-3000
Facsimile: (212) 373-3990

*Attorneys for Defendant McDonald's Corporation*