| | |
|---|---|
| Louis R. Miller (SBN 54141)<br>smiller@millerbarondess.com<br>David W. Schecter (SBN 296251)<br>dschecter@millerbarondess.com<br>MILLER BARONDESS, LLP<br>1999 Ave. of the Stars, Ste. 1000<br>Los Angeles, CA 90067<br>Telephone:(310) 552-4400<br>Facsimile: (310) 552-8400<br><br>*Attorneys for Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC* | Loretta E. Lynch (*pro hac vice*)<br>PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>lelynch@paulweiss.com<br>Telephone: (212) 373-3000<br>Facsimile: (212) 373-3990<br><br>Patricia Brown Holmes (*pro hac vice*)<br>Amy Andrews (*pro hac vice*)<br>Shalem Massey (SBN 143281)<br>Jennifer Steeve (SBN 308082)<br>RILEY SAFER HOLMES & CANCILA LLP<br>100 Spectrum Center Drive, Ste. 440<br>Irvine, CA  92618<br>smassey@rshc-law.com<br>jsteeve@rshc-law.com<br>Telephone:  (949) 359-5515<br>Facsimile:   (949) 359-5501<br><br>*Attorneys for Defendant McDonald's Corporation* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>      v.<br><br>McDONALD'S CORPORATION, a Delaware corporation,<br><br>            Defendant. | **Case No. 2:21-cv-04972-FMO-MAA**<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court, having reviewed the Stipulation for Protective Order entered into between Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC and Defendant McDonald's Corporation, finds that good cause exists to enter an order approving said Stipulation for Protective Order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC (collectively, "Plaintiffs") and Defendant McDonald's Corporation ("Defendant") (together with Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, advertising strategies, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and

proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.    DEFINITIONS**

    3.1    Action:  This pending action, *Entertainment Studios Networks, Inc. and Weather Group, LLC v. McDonald's Corporation*, Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.).

    3.2    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

    3.3    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4    Counsel:  Outside Counsel of Record and In-House Counsel (as well as

their support staff).

3.5   Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6   Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  Experts shall also include consultants and investigators.

3.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive information that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified in the Good Cause Statement. Such information includes, but is not limited to, trade secret or other confidential research, development, financial, or other commercial information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.9   In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11   Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which

has appeared on behalf of that party, and includes support staff.

      3.12   <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

      3.13   <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      3.14   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      3.15   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      3.16   <u>Receiving Party</u>: A Party that receives Disclosure or DiscoveryMaterial from a Producing Party.

**4.**     <u>**SCOPE**</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party stamp or affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of each document containing such information or, if that is not practical because of the form of the document (e.g., Excel spreadsheets), the Producing Party must stamp or affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a coversheet or placeholder document associated with the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins).

(b) <u>For testimony given in depositions</u>, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony and specify the portions of the transcript and the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded), or in writing the next business day after the conclusion of a deposition, a right to have up to 14 days from receipt of a final version of the transcript (if a final version of the transcript is ordered) or 21 days after the deposition (if a final version of the transcript is not ordered) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days or 21 days, whichever is applicable, shall be covered by the provisions of this Stipulated Protective Order.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective

Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  No Party shall be found to have violated this Stipulated Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

7.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    7.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]  The Parties may satisfy the in-person conference requirements of Local Rule 37-1 through voice-to-voice communication.

    7.3   Burden of Persuasion.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.  **ACCESS TO AND USE OF PROTECTED MATERIALS**

    8.1   Basic Principles. A Receiving Party may use Protected Material that is

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2   *Disclosure of "CONFIDENTIAL" Information or Items*.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the purpose of litigating this Action;

(c)   Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   The Court and its personnel;

(e)   Court reporters and their staff;

(f)   Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)   The author or recipient of a document containing the information

or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of Record and In-House Counsel, as well as employees of said Outside Counsel of Record and In-House Counsel to whom it is reasonably necessary to disclose the information for the purpose of facilitating review by said Outside Counsel of Record and In-House Counsel;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff;

      (e)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

      (f)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (g)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9. PROTECTED MATERIAL REQUESTED, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a document request, subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the request, subpoena or court order;

(b)    Promptly notify in writing the party who caused the request, subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the request, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the request, subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1 <u>Application</u>. The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2 <u>Notification</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party, if requested.

10.3 <u>Conditions of Production</u>. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

1  seeks a protective order, the Receiving Party shall not produce any information in its
2  possession or control that is subject to the confidentiality agreement with the Non-
3  Party before a determination by the Court. Absent a court order to the contrary, the
4  Non-Party shall bear the burden and expense of seeking protection in this Court of
5  its Protected Material.

6  **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
8  Protected Material to any person or in any circumstance not authorized under this
9  Stipulated Protective Order, the Receiving Party immediately must (1) notify in
10  writing the Designating Party of the unauthorized disclosures, (2) use its best efforts
11  to retrieve all unauthorized copies of the Protected Material, (3) inform the person or
12  persons to whom unauthorized disclosures were made of all the terms of this
13  Stipulated Protective Order, and (4) request such person or persons to execute the
14  "Acknowledgment and Agreement to be Bound" (Exhibit A).

15  **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
16  **         PROTECTED MATERIAL**

17  When a Producing Party gives notice to Receiving Parties that certain
18  inadvertently produced material is subject to a claim of attorney-client privilege,
19  work product protection, or other protection from discovery, the obligations of the
20  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).
21  In addition, if a Receiving Party discovers in its possession material that the
22  Receiving Party has reason to suspect was produced inadvertently by a Producing
23  Party despite a claim of privilege or protection from discovery, the Receiving Party
24  shall promptly notify the Producing Party and afford the Producing Party four (4)
25  days in which it serve a notice pursuant to Federal Rule of Civil Procedure
26  26(b)(5)(B), during which four (4) days the Receiving Party shall treat such material
27  in accordance with the second sentence of Federal Rule of Civil Procedure
28  26(b)(5)(B).  The Court hereby orders, pursuant to Federal Rule of Evidence 502(d),

that inadvertent disclosure of material subject to a claim of attorney-client privilege, work product protection, or other protection from discovery shall not constitute a waiver of such privilege or protection. This Section 12 is intended to supplement, and shall not be interpreted to restrict, whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**13.  MISCELLANEOUS**

13.1  <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.  FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 above (DURATION).

**15.** **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 11/12/2021

_____
Maria A. Audero
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on_____ [date] in the case of *Entertainment Studios Networks, Inc., et al. v. McDonald's Corporation*, Case No. 2:21-cv-04972-FMO-MAA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order. Alternatively, I agree that such service of process may be served upon me by sending it to _____ [address] or to _____ [e-mail address].

Signature: _____

Printed name: _____

Date: _____

City & State Where Sworn and Signed: _____