# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., et al., | Case No. CV 21-4972 FMO (MAAx) |
| Plaintiffs, | |
| v. | **ORDER** |
| MCDONALD'S CORPORATION, | |
| Defendant. | |

Having reviewed and considered all the briefing filed with respect to McDonald's Corporation's ("McDonald's" or "defendant") Motion to Dismiss (Dkt. 21, "Motion"), the court finds that oral argument is not necessary to resolve the motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss plaintiffs' First Amended Complaint (Dkt. 20, "FAC") with leave to amend. In preparing the Second Amended Complaint, plaintiffs should carefully evaluate the issues noted in this Order and the contentions set forth in defendant's Motion. For example, the court is skeptical that plaintiffs have pleaded enough facts to support the following elements of their § 1981 claim: (1) plaintiffs "attempted to contract for certain services," Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006); see also Knight v. Wells Fargo Bank NA, 459 F.Supp.3d 1288, 1291 (N.D. Cal. 2019) (same); (2) "intent to discriminate on the basis of race by the defendant[,]" Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); see also Jefferson v. City of Fremont, 2012 WL 1534913, *2 (N.D. Cal. 2012) (same); and (3) "that race was a but-for cause of [plaintiffs'] injury." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S.Ct. 1009, 1014 (2020).

The FAC alleges that plaintiffs "attempted many times over the years to contract with McDonald's for advertising on [plaintiffs' networks], but McDonald's refused[,]" and that these refusals to contract "occurred within the past two years." (Dkt. 20, FAC at ¶ 73). However, the only supporting allegations appear to be that "[s]ince Allen acquired Weather Group [in 2018], marketing representatives for Weather Group have pitched the Weather Channel to McDonald's ad agency." (Id. at ¶ 55). These allegations appear to be insufficient to establish an attempt to create a contractual relationship. See Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476, 126 S.Ct. 1246, 1250 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.").

As support for both the intentional discrimination and but-for causation elements of their § 1981 claim, plaintiffs point to allegations of "disparate treatment with respect to similarly situated

entities."[1]  (Dkt. 25, Opposition to Defendant's Motion to Dismiss [ ] ("Opp.") at 13); (see also id. at 18-19, 24) (same).  "[P]laintiff[s] [may] raise an inference of discrimination by identifying a similarly situated entity who was treated more favorably."  Pac. Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1159 (9th Cir. 2013); see also Snoqualmie Indian Tribe v. City of Snoqualmie, 186 F.Supp.3d 1155, 1162 (W.D. Wash. 2016) ("Plaintiffs in discrimination cases may plausibly plead discriminatory intent . . . . [by] alleg[ing] that a similarly situated individual or entity outside of the plaintiff's protected group received more favorable treatment from the defendant.").  The alleged comparator entity "need not be identical, but must be similar in material respects.  Materiality depends on the context and is a question of fact that cannot be mechanically resolved."  Earl v. Nielsen Media Rsch., Inc., 658 F.3d 1108, 1114 (9th Cir. 2011) (cleaned up).

Here, plaintiffs allege that defendant contracts with "similarly-situated, white-owned networks," (see, e.g., Dkt. 20, FAC at ¶¶ 7, 16, 54), but there are few details regarding the comparator networks.  In particular, plaintiffs allege that "ESN Lifestyle Networks target similar audiences as the white-owned networks that McDonald's contracts with for advertising."  (Id. at ¶ 62).  However, plaintiffs' allegations lack the specificity necessary to establish that the comparator networks are similarly situated.

In short, the FAC fails to allege sufficient facts "that would support an inference that defendants intentionally and purposefully discriminated against them."  Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1313 (9th Cir. 1992), abrogated on other grounds by Newcal Indus., Inc. v. Ikon Office Sol., 513 F.3d 1038, 1055 (9th Cir. 2008); see, e.g., Brown v. Contra Costa Cty., 2014 WL 1347680, *5 (N.D. Cal. 2014) (dismissing a § 1981 claim in which plaintiff's "repeated allegation that he was treated differently" on the basis of race was "generally unsupported by facts, and [was] therefore insufficient to satisfy the element of 'intent to discriminate'").  Nor have

---

[1] In Lindsey, the Ninth Circuit recognized a circuit split as to whether a § 1981 claim in a commercial, non-employment context requires proving that "plaintiff was deprived of services while similarly situated persons outside the protected class were not[,]" but declined to decide whether it is a required element in this circuit.  447 F.3d at 1145 (quoting Christian v. Wal-Mart Stores, Inc., 252 F.3d 862, 871 (6th Cir. 2001)).  Here, plaintiffs rely on allegations that defendant treated "similarly-situated, white-owned networks" differently in order to satisfy the intentional discrimination and but-for causation elements of their § 1981 claim.  (See Opp. at 13, 24).

plaintiffs adequately plead but-for causation. See Comcast, 140 S.Ct. at 1019 ("[A] plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.").[2]

Finally, the court is skeptical that plaintiffs have sufficiently plead intentional discrimination in support of their Unruh Act claim. (See Dkt. 20, FAC at 78-84). "[A] plaintiff must . . . plead and prove a case of intentional discrimination to recover under the [Unruh] Act." See Harris v. Cap. Growth Invs. XIV, 52 Cal.3d 1142, 1149 (1991), overruled on other grounds by Munson v. Del Taco, Inc., 46 Cal.4th 661, 665 (2009).[3] The court notes, however, that the but-for causation standard does not apply to plaintiffs' Unruh Act claim. As defendant acknowledges, (see Dkt 21-1, Memorandum of Points and Authorities [ ] ("Memo") at 22), plaintiffs need only show "that a substantial reason for defendant's conduct was because of Plaintiff's race" in order to establish an Unruh Act claim. Grant v. Starbucks Corp., 2019 WL 8112465, *6 (C.D. Cal. 2019) (citing Judicial Council Of California Civil Jury Instruction 3060) (emphasis added); see also Harris v. City of Santa Monica, 56 Cal.4th 203, 226 (2013) (distinguishing between the "substantial motivating factor" and more stringent "but-for" standards in discrimination cases). Further, the court is not persuaded by defendant's contention that plaintiffs' Unruh Act claim must be dismissed because they failed to plead "that their relationship with McDonald's was similar to that of a customer in a customer-proprietor relationship," (see Dkt. 21, Motion at 1), or because defendant is not a "business establishment" within the meaning of § 51.5 of the Unruh Act. (See Dkt. 21-1, Memo. at 23). The court cannot conclude that plaintiffs were not "in a relationship with the offending business establishment [i.e., defendant] 'similar to that of the customer in the customer-proprietor relationship which the Act and its predecessors have most commonly covered.'" Johnson v.

---

[2] Although Comcast identified but-for causation as a required element for § 1981 claims, the Supreme Court declined to address "whether ESN's operative amended complaint contain[ed] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under the but-for causation standard." 140 S.Ct. at 1019 (cleaned up).

[3] The California Supreme Court held in Munson that the intentional discrimination requirement does not apply to disability discrimination claims under the Unruh Act. See Munson, 46 Cal.4th at 665.

Riverside Healthcare Sys., LP, 534 F.3d 1116, 1124 (9th Cir. 2008) (quoting Strother v. Southern California Permanente Med. Grp., 79 F.3d 859, 874 (9th Cir. 1996)).  The Ninth Circuit has "acknowledged that California courts have allowed parties who were 'not clients, patrons, or customers, in the traditional sense' to bring claims under § 51," including, for example, condominium owners against their condominium owners' association and female children excluded from membership in the Boys' Club. Id. at 1124 n. 5 (quoting Strother, 79 F.3d at 873).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 21)** is **granted** as set forth in this Order.

2. The First Amended Complaint (Dkt. 20) is **dismissed with leave to amend**.

3. Plaintiffs shall file a second amended complaint, no later than **December 10, 2021**, attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion.  The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 21-4972 FMO (MAAx).  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

5. Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **December 23, 2021**.

7. In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **December 16, 2021, at 10:00 a.m.**[4] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 30th day of November, 2021.

>                             /s/
>                     Fernando M. Olguin
>                   United States District Judge

---

[4] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.