# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORK, INC., et al. | Case No. CV 21-4972 FMO (MAAx) |
| Plaintiffs, | |
| v. | **ORDER RE:  PENDING MOTION** |
| MCDONALD'S USA, LLC, | |
| Defendant. | |

Having reviewed all the briefing filed with respect to defendant McDonald's USA, LLC's ("defendant") Motion to Dismiss the Third Amended Complaint, (Dkt. 49, "Motion"), the court will deny the Motion without prejudice for improperly referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

Defendant requests judicial notice of two exhibits: a complaint and a declaration filed in another district by CF Entertainment, Inc., which defendant alleges is plaintiffs' "sister company[.]" (Dkt. 50, Request For Judicial Notice [] ("RJN") at 2).  Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  Although "[a] court may take judicial notice of matters of public record

without converting a motion to dismiss into a motion for summary judgment[,]" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks omitted), the court is unconvinced it should take judicial notice of defendant's exhibits under Rule 201 of the Federal Rules of Evidence.  (See, generally, Dkt. 50, RJN); see also Fed. R. Evid. 201; M/V Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."); Lee, 250 F.3d at 688 ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotation marks omitted).  For example, defendant improperly seeks to take judicial notice of the facts in the exhibits to support contentions in its motion to dismiss.  See M/V Am. Queen, 708 F.2d at 1491; Marsh v. San Diego Cty., 432 F.Supp.2d 1035, 1043 (S.D. Cal. 2006) ("A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.").

In light of plaintiffs' opposition to defendant's request for judicial notice, the court also finds that defendant's exhibits are subject to dispute. (See Dkt. 52, Objection to McDonald's Request for Judicial Notice at 2); cf. Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted) (emphasis added); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) (concluding that because "there was considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute").  "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).

The court is persuaded that the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159; see, e.g., Columbia River People's

Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153 (D. Or. 1999) (explaining that the court has discretion to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss (**Document No. 49**) is **denied without prejudice**.

2. Defendant's Request for Judicial Notice (**Document No. 50**) is **denied**.

2. Defendant shall file its Answer to the Complaint or a Rule 12(b)(6) motion without any attached exhibits no later than **January 27, 2022**.[1]

Dated this 21st day of January, 2022.

                                                    /s/
                              Fernando M. Olguin
                             United States District Judge

---

[1] The court will waive the Local Rule meet and confer requirement for this specific motion.