Loretta E. Lynch (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
lelynch@paulweiss.com
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Patricia Brown Holmes (*pro hac vice*)
Amy Andrews (*pro hac vice*)
Shalem Massey (SBN 143281)
Jennifer Steeve (SBN 308082)
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA  92618
smassey@rshc-law.com
jsteeve@rshc-law.com
Telephone:    (949) 359-5515
Facsimile:    (949) 359-5501

*Attorneys for Defendant McDonald's USA, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> McDONALD'S USA LLC, a Delaware limited liability company, <br><br> Defendant. | **CASE NO. 2:21-cv-04972-FMO-MAA** **Assigned to the Honorable Fernando M. Olguin for all purposes.** <br><br> **McDONALD'S USA, LLC'S ANSWER TO THIRD AMENDED COMPLAINT** |

Defendant McDONALD'S USA, LLC ("McDonald's" or "Defendant") upon

personal knowledge and/or upon information and belief, respectfully submits this

Answer to Plaintiffs Third Amended Complaint as follows:

## INTRODUCTION

**ANSWER ¶ 1:** Defendant admits that Plaintiffs filed the instant lawsuit against Defendant, the claims of which are contained in the Third Amended Complaint; however, Defendant denies that it has engaged in "racial discrimination in contracting in violation of the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981, and the California Unruh Civil Rights Act, California Civil Code § 51.5" against Plaintiffs or that Plaintiffs are entitled to any relief whatsoever. Answering further, Defendant denies Plaintiffs' characterization of this litigation as "a civil rights lawsuit"; this litigation is not about civil rights, but rather a premeditated, calculated effort by Byron Allen—owner of Entertainment Studios Networks, Inc. and Weather Group LLC—to increase the revenue he receives from McDonald's and other major advertisers like McDonald's. Defendant denies the remaining allegations as stated in Paragraph 1 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 2:** Defendant denies the allegations as stated in Paragraph 2 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 3:** Defendant denies the allegations as stated in Paragraph 3 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 4:** Defendant admits that the statement quoted in Paragraph 4 of the Third Amended Complaint is contained in a November 1, 2021 press release from

U.S. Representative Bobby Rush of Illinois. Defendant denies the remaining allegations as stated in Paragraph 4 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 5:** Defendant admits that a McDonald's shareholder submitted a shareholder proposal, which is publicly available, "urg[ing] the Board of Directors to oversee a third-party audit analyzing the adverse impact of McDonald's policies and practices on the civil rights of company stakeholders, above and beyond legal and regulatory matters, and to provide recommendations for improving the company's civil rights impact." Defendant denies the remaining allegations as stated in Paragraph 5 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 6:** Defendant admits that McDonald's is a named defendant in the case styled *Victoria Guster-Hines and Domineca Neal v. McDonald's USA, LLC, et al.* (N.D. Ill. Case No. 1:20-cv-00117), and that plaintiffs in that lawsuit have made claims of intentional racial discrimination. Defendant denies the remaining allegations as stated in Paragraph 6 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 7:** Defendant admits that McDonald's is a named defendant in the case styled *Christine Crawford, et al. v. McDonald's USA, LLC, et al.*, (N.D. Ill. Case No. 1:20-cv-05132), and that plaintiffs in that lawsuit have made claims of intentional racial discrimination. Answering further, Defendant states that it has moved to dismiss the operative complaint in its entirety. Defendant denies the remaining allegations as stated in Paragraph 7 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 8:**  Defendant admits that McDonald's was a named defendant in the case styled *Washington v. McDonald's USA, LLC*, Case No. 4:21-cv-00367 (N.D. Ohio); that the plaintiff in that lawsuit (Herb Washington) made claims of intentional racial discrimination; that Defendant paid Mr. Washington $33.5 million to purchase his 14 restaurants and Mr. Washington exited the McDonald's franchise system; and that as a result of Defendant's purchase and Mr. Washington's exit, the case was settled in November 2021. Defendant denies the remaining allegations as stated in Paragraph 8 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 9:**  Defendant denies the allegations as stated in Paragraph 9 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 10:**  Defendant admits that Byron Allen is African American and, through the Allen Media Group, owns Plaintiff Entertainment Studios. Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations regarding whether Entertainment Studios is "solely owned" by Mr. Allen, and therefore denies them. Defendant denies the remaining allegations as stated in Paragraph 10 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 11:**  Defendant admits that at year-end 2021, there were 40,031 McDonald's restaurants in 119 countries. Answering further, Defendant states that in 2021, McDonald's Corporation achieved global Systemwide sales of $112 billion (inclusive of both Company and franchise sales). Answering further, Defendant

- 4 -

admits that the total compensation (including salary, stock awards, option awards, and other forms of compensation) awarded to the President and CEO of McDonald's Corporation for fiscal year 2020 was $10,847,032. Defendant denies the remaining allegations as stated in Paragraph 11 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 12:**  Defendant denies the allegations as stated in Paragraph 12 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 13:**  Defendant admits that it has not purchased advertising on Entertainment Studio's lifestyle networks, but denies the allegations that it "refused" to do so, and states that those properties were not selected as they do not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Answering further, Defendant states that it consistently purchased advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Defendant denies the remaining allegations as stated in Paragraph 13.

**ANSWER ¶ 14:**  Defendant denies the allegations as stated in Paragraph 14 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 15:**  Defendant denies the allegations as stated in Paragraph 15 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 16:**  Defendant denies the allegations as stated in Paragraph 15 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 17:**  Defendant denies the allegations as stated in Paragraph 17 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 18:**  Defendant admits that it advertised on Entertainment Studios syndicated programming consistently until 2019, and further admits that in 2021 and 2022, consistent with its current media strategy, Defendant purchased advertising with two Entertainment Studios digital properties, The Grio and Local Now. Defendant denies the remaining allegations as stated in Paragraph 18 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 19:**  Defendant admits that Entertainment Studios markets some channels that "do not target just African Americans," but denies that those "channels have widespread appeal among all races." Answering further, Defendant denies that it has ever "stereotype[d] Allen's Entertainment Studios," and states that all decisions regarding whether to purchase advertising on any Entertainment Studios offering were the result of evaluation of that programming against the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 19 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 20:** Defendant admits that Entertainment Studios currently markets as "cable channels" the following programming: Justice Central, Comedy.tv, Recipe.tv, Cars.tv, ES.tv, Pets.tv, and MyDestination.tv, and that such programming

is not targeted specifically to African American audiences.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 20 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 21:**  Defendant admits that it has not purchased advertising on Entertainment Studio's "lifestyle networks," but denies the allegations that it "refused" to do so because they are owned by an African American, and states that those properties were not selected as they do not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the referenced cable networks are "white-owned," as stated in paragraph 21 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 21 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 22:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in Paragraph 22 of Plaintiffs' Third Amended Complaint regarding whether The Weather Channel is considered "an African American targeted network," and therefore denies them. Defendant denies the remaining allegations as stated in the paragraph 22 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 23:**  Defendant admits that it has not purchased advertising on The Weather Channel after Allen Media Group purchased it in 2018, but denies the allegations that it "refused" to do so because it is owned by an African American, and states that this property was not selected as it does not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Answering further, Defendant states that for this same reason, it did not purchase advertising on The Weather Channel before the Allen Media Group acquired it in 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the referenced cable networks are "white-owned," as stated in paragraph 23 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 23 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 24:**  Defendant denies that it engaged in any "discriminatory treatment of Entertainment Studios and Weather Group," or that either entity has suffered any damage, let alone "significant damage."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 24 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 25:**  Defendant denies the allegations as stated in Paragraph 25 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 26:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the referenced cable networks are "white-owned," as stated in paragraph 26 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies the remaining allegations as stated in Paragraph 26 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 27:**  Defendant admits it is committed to actively fostering an inclusive environment, where diversity is embraced as an advantage. Defendant denies the remaining allegations as stated in Paragraph 27 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 28:**  Paragraph 28 of Plaintiff's Third Amended Complaint contains statements of law and legal conclusions to which no answer is required.

**ANSWER ¶ 29:**  McDonald's admits that it operates within a society grappling with systemic racism and the need to drive equitable opportunity for all. Answering further, McDonald's states that it is working with its Diverse Marketing Advisory Council and the like-minded brands to identify and solve for the systemic barriers facing Black-owned companies—all part of McDonald's efforts to drive broader change across the marketing industry.

**ANSWER ¶ 30:**  Defendant denies that it has committed any of the supposed "civil rights violations" alleged by Plaintiffs, that Plaintiffs have been harmed in any way, or that they are entitled to any compensation whatsoever.

**PARTIES**

**ANSWER ¶ 31:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 31 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 32:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 32 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 33:**  Defendant admits that McDonald's is a Delaware limited liability company headquartered in Chicago, Illinois, and that it is a wholly owned subsidiary of McDonald's Corporation, a Delaware corporation headquartered in Chicago, Illinois.   McDonald's denies the remaining allegations as stated in paragraph 33 of Plaintiffs' Third Amended Complaint.

## JURISDICTION AND VENUE

**ANSWER ¶ 34:**  Defendant admits that Plaintiffs assert claims for relief pursuant to 42 U.S.C. §1981, and California Unruh Civil Rights Act, California Civil Code § 51.5, and that Plaintiffs are invoking jurisdiction under 28 U.S.C. §§ 1331 and 1367.  Answering further, Defendant denies (i) the substantive fact allegations as stated in the Third Amended Complaint upon which Plaintiffs base their claims against Defendant; and (ii) that Plaintiffs are entitled to the relief they seek in the Third Amended Complaint.

**ANSWER ¶ 35:**  Defendant admits that Plaintiffs assert venue is proper in this Court under 28 U.S.C. § 1391(b)(2).  Answering further, Defendant denies the

- 10 -

remaining allegations as stated in Paragraph 35 of Plaintiffs' Third Amended

Complaint, and further deny (i) the substantive fact allegations as stated in the

Third Amended Complaint upon which Plaintiffs base their claims against

Defendant; and (ii) that Plaintiffs are entitled to the relief they seek in the Third

Amended Complaint.

### FACTS COMMON TO ALL CAUSES OF ACTION

**ANSWER ¶ 36:**   Defendant lacks knowledge or information sufficient to

form a belief about the truth of the allegations as stated in Paragraph 36 of Plaintiffs'

Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 37:**  Defendant lacks knowledge or information sufficient to form

a belief about the truth of the allegations as stated in Paragraph 37 of Plaintiffs' Third

Amended Complaint, and therefore denies them.

**ANSWER ¶ 38:**  Defendant lacks knowledge or information sufficient to form

a belief about the truth of the allegations as stated in Paragraph 38 of Plaintiffs' Third

Amended Complaint, and therefore denies them.

**ANSWER ¶ 39:** Defendant admits that Entertainment Studios currently

offers the following syndicated programming: Court Combo, Funny You Should

Ask, ES Weekly Network, ES Daily Network, and Weather Combo. Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remaining

allegations as stated in Paragraph 39 of Plaintiffs' Third Amended Complaint, and

therefore denies them.

**ANSWER ¶ 40:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 40 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 41:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 40 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 42:** Defendant admits that Entertainment Studios currently markets as "cable channels" the following programming: Justice Central, Comedy,tv, Recipe,tv, Cars.tv, ES.tv, Pets.tv, and MyDestination.tv. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 42 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 43:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 43 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 44:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 44 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 45:**  Defendant denies that the ESN "Lifestyle Networks" "have high viewer demand." Defendant lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations as stated in Paragraph 45 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 46:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 46 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 47:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 47 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 48:**  Defendant admits that at year-end 2021, there were 40,031 McDonald's restaurants in 119 countries. Answering further, Defendant states that in 2021, McDonald's Corporation achieved global Systemwide sales of $112 billion (inclusive of both Company and franchise sales). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 48 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 49:**  Defendant admits that the total compensation (including salary, stock awards, option awards, and other forms of compensation) awarded to the President and CEO of McDonald's Corporation for fiscal year 2020 was $10,847,032. Defendant denies the remaining allegations as stated in paragraph 49 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 50:** Defendant admits that it engages advertising agencies to evaluate potential media partners and make recommendations on potential media purchases in accordance with McDonald's overall media strategy. Defendant denies the remaining allegations as stated in paragraph 50 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 51:** Defendant denies the allegations as stated in paragraph 51 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 52:** Defendant denies the allegations as stated in paragraph 52 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 53:** Defendant denies the allegations as stated in paragraph 53 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently purchased advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now.

**ANSWER ¶ 54:** Defendant denies the allegations as stated in paragraph 54 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 55:** Defendant admits it engaged Burrell Communications ("Burrell") as one of its several advertising agency partners, and that one area of Burrell's expertise is advertising to the African American Consumer Market

("AACM") segment. Defendant denies the remaining allegations as stated in paragraph 55 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 56:** Defendant denies the allegations as stated in paragraph 56 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 57:** Defendant admits that it is a standard practice for media partners to offer contract guarantees. Defendant denies the remaining allegations as stated in paragraph 57 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 58:** Defendant admits that it consistently purchased advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Defendant denies the remaining allegations in paragraph 58 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 59:** Defendant denies the allegations as stated in paragraph 59 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 60:** Defendant admits that Mr. Allen spoke directly to former McDonald's CMO, Deborah Wahl, in 2015 and 2016. Answering further, Defendant admits that in early 2015, Entertainment Studios sent McDonald's a proposal for $4.9 million in advertising, and that after McDonald's stood firm on its prior investment offer of $770,000 (and explained that its current media strategy reflected an overall decrease in television and a greater investment in digital), Mr. Allen threatened to file a discrimination lawsuit against McDonald's if it did not increase its media spend

with his company.  Answering further, McDonald's admits that in 2015, it purchased through Burrell approximately $772,000 in advertising on Plaintiffs' syndicated media offerings.  Defendant denies the remaining allegations as stated in paragraph 60 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 61:**  Defendant denies that McDonald's "label[ed] Entertainment Studios as an African American media company even after Allen acquired Weather Group in 2018." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 61 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 62:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 62 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 63:**  Defendant admits that it has not purchased advertising on The Weather Channel, including prior to the time that it was acquired by the Allen Media Group in 2018, but denies the allegations that it "refused" to do so because it is owned by an African American, and states that this property was not selected as it does not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the referenced cable networks are "white-owned," as stated in paragraph 63 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies

the remaining allegations as stated in Paragraph 63 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 64:**  Defendant admits that since 2018, representatives from the Weather Group have periodically provided presentations to McDonald's advertising agencies, including OMD, regarding Weather Group's media properties. Defendant denies the remaining allegations as stated in paragraph 64 of the Third Amended Complaint.

**ANSWER ¶ 65:**  Defendant admits that in 2021 and 2022, consistent with its current media strategy, it purchased advertising on Weather Group's digital property, Local Now. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, Burrell and OMD, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant denies that The Weather Channel is "well suited to execute on McDonald's specific ad campaign[s]." Defendant denies the remaining allegations as stated in paragraph 65 of the Third Amended Complaint.

**ANSWER ¶ 66:**  Defendant admits that in 2021 and 2022, consistent with its current media strategy, it purchased advertising on Weather Group's digital property, Local Now. Answering further, Defendant admits that it has not purchased

- 17 -

advertising on The Weather Channel through its advertising agencies, Burrell and OMD, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations as stated in paragraph 66 of the Third Amended Complaint.

**ANSWER ¶ 67:** Defendant denies the allegations in Paragraph 67 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now.

**ANSWER ¶ 68:** Defendant denies the allegations as stated in Paragraph 68 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now.

**ANSWER ¶ 69:** Defendant denies the allegations as stated in Paragraph 69 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming

- 18 -

until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now.  Answering further, Defendant states that on numerous occasions Plaintiffs have pitched their media offerings directly to OMD for consideration.

**ANSWER ¶ 70:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in Paragraph 70 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant states that on numerous occasions Plaintiffs have pitched their media offerings directly to OMD for consideration.

**ANSWER ¶ 71:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in Paragraph 71 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant states that on numerous occasions Plaintiffs have pitched their media offerings directly to OMD for consideration.

**ANSWER ¶ 72:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 72 of Plaintiffs' Third Amended Complaint regarding what OMD employee Debbie Innes allegedly "expressly told Galatt," and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 72 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 73:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 83 of Plaintiffs' Third Amended Complaint regarding the activities of OMD's other clients, and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 73 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that on numerous occasions Plaintiffs have pitched their media offerings directly to OMD for consideration.

**ANSWER ¶ 74:**  Defendant denies the allegations as stated in paragraph 74 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now.

**ANSWER ¶ 75:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 75 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 76:**  McDonald's denies the allegations as stated in paragraph 75 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 77:**  Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, Burrell and OMD, either before or after Allen Media Group purchased Weather Group, as The Weather

- 20 -

Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 77 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 78:** Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, Burrell and OMD, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 78 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 79:** Defendant denies that it engaged or engages in "racial stereotyping," and states that all decisions regarding whether to purchase advertising on any Allen Media Group offering were the result of an evaluation of that programming against the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio

and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 79 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 80:**  Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel

- 22 -

through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 80 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 81:**  Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations

as stated in paragraph 81 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 82:** Defendant denies the allegations as stated in paragraph 82 of Plaintiffs' Third Amended Complaint. Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and in that 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits that it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy.

**ANSWER ¶ 83:** Defendant denies the allegations as stated in paragraph 83 of Plaintiffs' Third Amended Complaint. Answering further, McDonald's states that beginning in 2019, McDonald's media strategy largely eliminated syndicated programming from its media mix, as it shifted towards streaming, video on demand, digital and other more modern media offerings.

**ANSWER ¶ 84:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in paragraph 84 of Plaintiffs' Third Amended Complaint, and therefore denies them.  Answering further, McDonald's states that beginning in 2019, McDonald's media strategy largely eliminated syndicated programming from its media mix, as it shifted towards streaming, video on demand, digital and other more modern media offerings.

**ANSWER ¶ 85:**  Defendant admits that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits that it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant admits that since 2019, consistent with its current media strategy, it has not purchased any advertising on Plaintiffs' syndicated programming. Defendant lacks knowledge or information

- 25 -

sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 85 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 86:**  Defendant admits Darren Galatt sent a slide deck to Adele Lassere on or about December 9, 2020. Defendant denies the remaining allegations as stated in paragraph 86 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 87:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what or why "Entertainment Studios wanted to pitch its syndicated programming to OMD," as stated in paragraph 87 of Plaintiffs' Third Amended Complaint Defendant, and therefore denies them. Defendant denies that it "forced" Plaintiffs to pitch its syndicated programming to Burrell, and states that on numerous occasions Plaintiffs have pitched their media offerings directly to OMD for consideration.   Defendant denies the remaining allegations as stated in paragraph 87 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 88:**  Defendant denies that any of its employees or officers made a decision "not to contract with Plaintiffs."  Answering further, Defendant states it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant states that, just as with any potential media partner, Plaintiffs' programming would have been evaluated against the selection criteria used by McDonald's advertising agencies to evaluate all potential

media partners, and that if their programming was not recommended by the agencies, it is because it did not satisfy the selection criteria.

**ANSWER ¶ 89:** Defendant denies "Entertainment Studios has suffered, and continues to suffer, significant harm as a result of McDonald's racism." Answering further, Defendant states that it consistently bought advertising on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations as stated in paragraph 89 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 90:** Defendant denies that the enumerated cable networks are "similarly situated" to the ESN Lifestyle Networks and The Weather Channel. Answering further, Defendant denies that it advertised on the Cooking Channel,

Destination America, Motor Trend, or Travel Channel from 2015 to 2021. Answering further, Defendant admits that it advertised on Comedy Central, Oxygen, and E! in 2021.  Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the enumerated cable networks are "white-owned," as stated in paragraph 90 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 90 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91:**  Defendant denies the allegations as stated in paragraph 91 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.a.:**  Defendant denies the allegations as stated in paragraph 91.a. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.b.:**  Defendant denies the allegations as stated in paragraph 91.b. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.c.:**  Defendant denies the allegations as stated in paragraph 91.c. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.d.:**  Defendant denies the allegations as stated in paragraph 91.d. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.e.:**  Defendant denies the allegations as stated in paragraph 91.e. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.f.:**  Defendant denies the allegations as stated in paragraph

91.f. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.g.:** Defendant denies the allegations as stated in paragraph 91.g. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 91.h.:** Defendant denies the allegations as stated in paragraph 91.h. of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 92:** Defendant denies that the cable networks referenced in the preceding paragraphs are "similarly situated" to Plaintiffs' networks. Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the enumerated cable networks are "white-owned," as stated in paragraph 92 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant states that the last three sentences of paragraph 92 of Plaintiff's Third Amended Complaint (along with its associated footnote) contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations as stated in Paragraph 92 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 93:** Defendant admits that Plaintiffs' networks and syndicated programming are not similarly situated to the twelve cable networks enumerated in Plaintiffs' Third Amended Complaint because, among other reasons, they have lower viewer reach (i.e., lower ratings). Defendant denies the remaining allegations as stated in paragraph 93 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 94:**  Defendant denies the allegations as stated in paragraph 94 of Plaintiffs' Third Amended Complaint.  Answering further, Defendant states that the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners considers, among other things, reach (i.e., ratings), and that media offerings that do not satisfy the selection criteria will not be recommended for investment.

**ANSWER ¶ 95:**  Defendant denies the allegations as stated in paragraph 95 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 96:**  McDonald's admits it does not advertise on The Weather Channel. Defendant denies the remaining allegations as stated in paragraph 96 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 97:**  Defendant admits that the ES Court Combo package is syndicated programming.  Answering further, Defendant states that beginning in 2019, McDonald's media strategy largely reduced syndicated programming from its media mix as it shifted towards streaming, video on demand, digital and other more modern media offerings, and thus, the ES Court Combo package did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners.  Defendant denies that the ES Court Combo package has greater reach among the McDonald's targeted demographic than the networks enumerated in Paragraph 97.  Defendant lacks knowledge or information sufficient to form a

belief about the truth of the specific allegations as stated in paragraph 97 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 98:** Defendant denies that it purchased any national consumer media on CNN in 2021. Answering further, Defendant denies that the ES Court Combo package has greater reach among the McDonald's targeted demographic than the networks enumerated in Paragraph 98. Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 98 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 99:** Defendant denies the allegations as stated in paragraph 99 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 100:** Defendant admits that McDonald's uses MRI-Simmons survey data as one of many inputs in making television advertising decisions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 100 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 101:** Defendant admits that it targets potential McDonald's customers through, among other things, its national media strategy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 101 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 102:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 102 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 103:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 103 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 104:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 104 and its subparts of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 105:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 105 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 106:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations as stated in paragraph 106 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 107:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations regarding what "MRI-Simmons data" purports to show, as stated in paragraph 107 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant denies the remaining allegations as stated in paragraph 107 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 108:** Defendant admits that it consistently bought advertising

- 32 -

on Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations as stated in paragraph 108 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 109:**  Defendant denies the allegations as stated in paragraph 109 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 110:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the specific allegations regarding what "OMD told Weather Group," as stated in paragraph 110 of Plaintiffs' Third Amended Complaint, and therefore denies them. Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, as The Weather Channel did

not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations as stated in paragraph 110 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 111:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether any of the referenced "networks that McDonald's contracts with for advertising" are "white-owned," as stated in paragraph 111 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what specific "audiences" the ESN Lifestyle Networks supposedly "target," as stated in paragraph 111 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant admits it did not purchase advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations in paragraph 111 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 112:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what Burrell "has claimed," as stated in paragraph 112 of Plaintiffs' Third Amended Complaint, and therefore denies them. Answering further, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the allegations regarding what "white-owned networks" Plaintiffs refer to in paragraph 112 of Plaintiffs' Third Amended Complaint, or what these supposed "white-owned networks" national distribution is, and therefore denies them. Answering further, Defendant admits that it did not purchase advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations in paragraph 112 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 113:** Paragraph 113 of Plaintiff's Third Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations as stated in paragraph 113 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 114:** Paragraph 114 of Plaintiff's Third Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations as stated in paragraph 114 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 115:** Paragraph 115 of Plaintiff's Third Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations as stated in paragraph 115 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 116:**  Defendant denies the allegations as stated in paragraph 116 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 117:**  Defendant denies the allegations as stated in paragraph 117 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶118:**  Defendant denies the allegations as stated in paragraph 118 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 119:**  Defendant denies the allegations as stated in paragraph 119 of Plaintiffs' Third Amended Complaint.

## FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1981)

**ANSWER  ¶  120:**  Defendant reasserts and incorporates by references Paragraphs 1 through 120 of this Answer as if fully set forth herein.

**ANSWER ¶ 121:**  Defendant denies the allegations as stated in paragraph 121 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 122:**  Paragraph 122 of Plaintiff's Third Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that African Americans are a protected class for purposes of 42 U.S.C. § 1981. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in paragraph 122 of Plaintiffs' Third Amended Complaint, and therefore denies them.

**ANSWER ¶ 123:**  Defendant states that it consistently bought advertising on

Entertainment Studios' syndicated programming until 2019, and that in 2021 and 2022, consistent with its current media strategy, McDonald's purchased advertising on two of Plaintiffs' digital properties, The Grio and Local Now. Answering further, Defendant admits it has not purchased advertising on ESN Lifestyle Networks through its advertising agencies, as they did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Answering further, Defendant admits that it has not purchased advertising on The Weather Channel through its advertising agencies, either before or after Allen Media Group purchased Weather Group, as The Weather Channel did not satisfy the selection criteria used by McDonald's advertising agencies to evaluate all potential media partners and, therefore, did not fit within McDonald's media strategy. Defendant denies the remaining allegations as stated in paragraph 123 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 124:**  Defendant denies the allegations as stated in paragraph 124 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 125:**  Defendant denies the allegations as stated in paragraph 125 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 126:**  Defendant denies the allegations as stated in paragraph 126 of Plaintiffs' Third Amended Complaint.

**MCDONALD'S USA LLC'S ANSWER TO THIRD AMENDED COMPLAINT**

**ANSWER ¶ 127:**  Defendant denies the allegations as stated in paragraph 127 of Plaintiffs' Third Amended Complaint.

## SECOND CAUSE OF ACTION

### (Violation of the Unruh Civil Rights Act)

**ANSWER ¶ 128:** Defendant reasserts and incorporates by references Paragraphs 1 through 128 of this Answer as if fully set forth herein.

**ANSWER ¶ 129:** Paragraph 129 of Plaintiff's Third Amended Complaint contains statements of law and legal conclusions to which no answer is required.

**ANSWER ¶ 130:** Paragraph 130 of Plaintiff's Third Amended Complaint contains statements of law and legal conclusions to which no answer is required..

**ANSWER ¶ 131:** Paragraph 131 of Plaintiff's Third Amended Complaint contains statements of law and legal conclusions to which no answer is required.

**ANSWER ¶ 132:**  Defendant denies the allegations as stated in paragraph 132 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 133:** The allegation in paragraph 133 of Plaintiff's Third Amended Complaint regarding whether or not Plaintiffs are a "protected class" calls for a legal conclusion to which no answer is required, and to the extent an answer is required to those allegations, Defendant admits that African Americans are a protected class for purposes of the Unruh Act. Defendant denies the remaining allegations as stated in paragraph 133 of Plaintiffs' Third Amended Complaint.

**ANSWER ¶ 134:** Defendant denies the allegations in paragraph 134 of Plaintiffs' Third Amended Complaint, and denies that Plaintiffs are entitled to any damages whatsoever.

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF:** Defendant, having fully answered Plaintiffs' Third Amended Complaint, admits that Plaintiffs seek the relief requested, but denies (i) the substantive fact allegations as stated in the Third Amended Complaint upon which Plaintiffs base their claims against Defendant; and (ii) that Plaintiffs are entitled to any of the relief they seek in the Third Amended Complaint.

**ANSWER TO PLAINTIFFS' JURY DEMAND:** Defendant admits Plaintiffs demand a trial by jury on all issues within this Third Amended Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

For its affirmative and other defenses to the allegations in Plaintiffs' Third Amended Complaint, Defendant states as follows:

1.     The Third Amended Complaint, and each purported claim contained therein, fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred, in whole or on part, by the applicable statute of limitations or filing periods.

3.     Any actions taken by Defendant with respect to Plaintiffs were in good faith and for valid, legitimate, non-discriminatory, and non-retaliatory reasons and/or

- 39 -

for good cause.

4.    Plaintiffs did not suffer any damages attributable to any actions of Defendant.

5.    If Plaintiffs have suffered any injury, which Defendant expressly denies, such injury is the result of Plaintiffs' own acts or omissions.

6.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages are speculative or were not reasonably foreseeable.

7.    If Plaintiffs have suffered damages, which Defendant expressly denies, Plaintiffs failed to take reasonable and diligent efforts to mitigate their damages.

8.    Plaintiffs are not entitled to recover punitive damages in this action because at all times relevant herein, including prior to the allegations that form the basis of the Plaintiffs' claims, Defendant has taken good faith efforts to comply with the statutes underlying Plaintiffs' claims.

9.    Plaintiffs are not entitled to punitive damages because such damages violate Defendant's constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution to procedural and substantive due process and the constitutional right to be protected from excessive fines.

10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

11.    Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

1

Defendant reserves the right to amend this Answer and to assert additional

2

3

defenses and/or to supplement, alter, or change this Answer and Affirmative

4

Defenses upon completion of appropriate investigation and discovery.

5

6

Dated: September 26, 2022          RILEY SAFER HOLMES & CANCILA LLP

7

8

By: */s/ Jennifer Steeve*

9

Shalem Massey
Jennifer Steeve
Attorneys for Defendant

10

McDONALD'S USA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 41 -

# PROOF OF SERVICE

*Entertainment Studios Networks, Inc., et al. v. McDonald's Corporation*
Case No. 2:21-cv-04972-FMO-MAA

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 100 Spectrum Center Drive, Suite 440, Irvine, CA 92618.

    On **September 26, 2022**, I caused the foregoing document(s) described as: **DEFENDANT McDONALD'S USA, LLC's ANSWER TO THIRD AMENDED COMPLAINT** to be served on all interested parties in this action as follows:

| | |
|---|---|
| MILLER BARONDESS, LLP<br>LOUIS R. MILLER<br>DAVID W. SCHECTER<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067 | Attorneys for Plaintiffs<br>Phone: 310-552-4400<br>Fax: 310-552-8400<br>Email: smiller@millerbarondess.com;<br>dschecter@millerbarondess.com |

    ☒ BY CM/ECF NOTICE OF ELECTRONIC FILING:  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

    ☒ FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on **September 26, 2022**, at Irvine, California.

*/s/ Jennifer Steeve*

- 42 -