LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MURAD SALIM (State Bar No. 342747)
msalim@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO. 2:21-cv-04972-FMO-MAA**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE**<br><br>Date: March 9, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 6D<br><br>Assigned for all purposes to:<br>Hon. Fernando M. Olguin<br><br>Complaint Filed: May 20, 2021<br>Case Removed: June 18, 2021<br>Trial Date: September 19, 2023 |

597951.3

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 9, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court in Courtroom 6D of the United States District Court, Central District (Western Division), located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before Hon. Fernando M. Olguin, Plaintiffs Entertainment Studios Networks, Inc. ("ESN") and Weather Group, LLC (collectively, "Plaintiffs") will and hereby do move pursuant to Federal Rule of Civil Procedure 16(b)(4) for an order extending the fact discovery cut-off by 60 days for the limited purpose of permitting the Magistrate Judge to resolve the parties' discovery dispute regarding Plaintiffs' deposition subpoena issued to Christopher Kempczinski, the CEO of McDonald's Corporation ("McDonald's Corp."), and to comply with such ruling on the merits.

## LOCAL RULE 7-3 STATEMENT

This Motion is made following the conference of counsel pursuant to Local Rules 7-3. Counsel for the parties met and conferred in an attempt to informally resolve their dispute regarding the fact discovery cut-off, with the last telephone call occurring on January 26, 2023. The parties were unable to resolve this dispute.

## STATEMENT OF RELIEF SOUGHT

Plaintiffs seek to extend the fact discovery cut-off by 60 days for the limited purpose of allowing the parties to obtain a ruling on the merits with respect to the disputed deposition subpoena to McDonald's Corp.'s CEO, Christopher Kempczinski, and to comply with such ruling. Plaintiffs do not seek to extend any other pre-trial or trial deadlines in this case. Good cause exists to grant this Motion as, despite Plaintiffs' diligence, Plaintiffs have been unable to depose Mr. Kempczinski on the current schedule.

This Motion is based on this Notice; the Memorandum of Points and Authorities submitted herewith; the Declaration of David W. Schecter and all exhibits thereto; all of the records and files in this action; the argument of counsel, if

any; and such additional matters of which the Court may take judicial notice or which come before the Court at the hearing on this matter.

DATED: February 6, 2023        MILLER BARONDESS, LLP

By: _____
DAVID W. SCHECTER
Attorneys for PLAINTIFFS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 6
I. INTRODUCTION ................................................................................. 6
II. FACTS AND RELEVANT PROCEDURAL HISTORY ................................. 7
    A. The Complaint ............................................................................ 7
    B. Fact Discovery Opens, And Plaintiffs Promptly Serve Discovery ......... 7
    C. The Court's Dismissal Without Prejudice Impacts Discovery ............... 8
    D. The Parties Continue Fact Discovery Efforts ..................................... 8
    E. The Kempczinski Subpoena ...................................................... 9
    F. The First IDC ............................................................................ 10
    G. Plaintiffs Depose McDonald's Lower-Level Executives ...................... 11
    H. McDonald's Motion To Dismiss Is Denied .......................................... 11
    I. Subsequent IDCs And Efforts To Resolve The Dispute ...................... 12
    J. The Joint Stipulation And Further Efforts To Resolve .......................... 13
III. GOOD CAUSE EXISTS TO GRANT THIS MOTION ................................. 14
    A. Legal Standard .......................................................................... 14
    B. Plaintiffs Have Been Diligent In Enforcing The Subpoena .................. 16
    C. Plaintiffs Will Suffer Prejudice If This Motion Is Denied .................... 17
IV. CONCLUSION ................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*B & H Mfg. Co., Inc. v. Sidel, Inc.*,
   2009 WL 617813 (E.D. Cal. Mar. 10, 2009) .............................................. 14, 15

*Doss v. Hartford Life & Accident Ins. Co.*,
   2022 WL 4472964 (E.D. Cal. Sept. 26, 2022) ........................................... 15, 17

*Goodman v. L.A. Police Dep't*,
   2014 WL 12614428 (C.D. Cal. Oct. 31, 2014) ................................................ 15

*Noyes v. Kelly Servs.*,
   488 F.3d 1163 (9th Cir. 2007) .......................................................................... 15

**FEDERAL STATUTES**

42 U.S.C. § 1981 ................................................................................................ 6, 7, 11

**FEDERAL RULES**

C.D. Cal. Loc. R. 37-2 ........................................................................................ 13, 14

C.D. Cal. Loc. R. 37-2.2 .......................................................................................... 13

Fed. R. Civ. P. 16 ....................................................................................................... 7

Fed. R. Civ. P. 16(b)(4) ............................................................................................ 14

Fed. R. Civ. P. 26(f) ................................................................................................... 7

Fed. R. Civ. P. 30(b)(6) ............................................................................................ 12

Fed. R. Civ. P. 45 .................................................................................................. 9, 14

Fed. R. Civ. P. 45(f) ................................................................................................. 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a civil rights action brought by African American-owned media companies alleging that McDonald's engaged in pernicious racial discrimination in violation of 42 U.S.C. § 1981 and California's Unruh Act. The scope of the alleged discrimination spans several media properties (television channels and syndicated programming), and the discrimination occurred over several years. There are several witnesses and business entities on each side of the dispute, as well as several third-party witnesses. Trial is set for September 19, 2023—which will be just two years after fact discovery *opened*.

Plaintiffs have diligently litigated this case. Fact discovery opened in September 2021; and, approximately 13 months later, Plaintiffs completed nearly all fact discovery within the Court's schedule. Plaintiffs' fact discovery efforts included (1) collecting over 1,600,000 documents and, after filtering and reviewing, producing 15,545 documents totaling 44,552 pages, (2) reviewing over 8,177 documents totaling 51,916 pages produced by McDonald's and third parties, and (3) taking and defending over 10 depositions in Chicago, New York and Los Angeles.

Despite Plaintiffs' diligence, Plaintiffs have been unable to depose Christopher Kempczinski, the CEO of McDonald's Corp. and the former President of McDonald's USA, on the current schedule. Mr. Kempczinski is a central witness in this case, and Plaintiffs would suffer prejudice if this Motion is denied. Plaintiffs have been unable to depose Mr. Kempczinski on the current schedule because it has taken several months to complete discovery that the Magistrate Judge advised was necessary to address McDonald's objections to the deposition, and those objections have not been resolved and require motion practice.

Per Ninth Circuit precedent, good cause exists to extend fact discovery when a party has been unable to complete a deposition because of objections to the deposition that require formal motion practice. That is what happened here.

## II. FACTS AND RELEVANT PROCEDURAL HISTORY

### A. The Complaint

On May 20, 2021, Plaintiffs filed a Complaint against McDonald's Corp.[1] for racial discrimination in violation of 42 U.S.C. § 1981 and the California Unruh Act. (ECF Dkt. No. 1-2.) Plaintiffs alleged that McDonald's engaged in racial discrimination by operating a two-tiered contracting system for media advertising, with one tier for white-owned businesses and a second tier for African American-targeted and African American-owned media. (*Id.* ¶ 63.) Plaintiffs also alleged that McDonald's engaged in racial discrimination by refusing to advertise on Plaintiffs' media properties because of racial animus directed toward Plaintiffs' African American owner while advertising on similarly situated, white-owned media. (*Id.* ¶ 8.)

In their First Amended Complaint, Plaintiffs alleged that McDonald's racial animus is evidenced by, among others, a racist corporate culture, as revealed by alleged statements made by white, senior executives, including McDonald's Corp.'s current CEO, Christopher Kempczinski. (ECF Dkt. No. 20, ¶¶ 64-69.)

### B. Fact Discovery Opens, And Plaintiffs Promptly Serve Discovery

The parties held a Rule 26(f) conference on September 2, 2021 (ECF Dkt. No. 28, at 2); and the Court issued its Rule 16 Scheduling Order on September 16, 2021 (ECF Dkt. No. 29). Per the Scheduling Order, the cut-off for fact discovery was May 17, 2022. (*Id.*)

On September 21, 2021, Plaintiffs served their first sets of interrogatories and requests for production. (Declaration of David W. Schecter ("Schecter Decl.") ¶ 2.) McDonald's served its first set of written discovery on October 4, 2021. (*Id.* ¶ 3.) On November 15, 2021, ESN served its second set of interrogatories and requests

---

[1] The parties subsequently stipulated to substitute McDonald's USA, LLC as the defendant in this action.

for production.  (*Id.* ¶ 4.)

### C. The Court's Dismissal Without Prejudice Impacts Discovery

While the parties were working to comply with their respective discovery obligations, the Court issued an Order granting McDonald's motion to dismiss without prejudice.  (ECF Dkt. No. 38.)  This ruling addressed issues that directly related to the parties' discovery disputes that were unresolved at that time.  (ECF Dkt. No. 42, at 2-3.)

The parties submitted a joint stipulation to request that the Court extend the fact discovery cut-off so that the parties would have sufficient time to review the Court's ruling on McDonald's subsequent motion to dismiss and complete fact discovery on the claims that survived, while conserving litigant resources by not conducting discovery on claims that may be dismissed.  (*Id.* at 3.)  The Court granted the parties' joint stipulation and extended the fact discovery cut-off to June 17, 2022.  (ECF Dkt. No. 43.)

### D. The Parties Continue Fact Discovery Efforts

On December 23, 2021, Plaintiffs filed their operative pleading, the Third Amended Complaint ("TAC").  (ECF Dkt No. 45.)  McDonald's filed a motion to dismiss the TAC on January 25, 2022.  (ECF Dkt. No. 55.)  This motion was fully briefed by February 10, 2022.  (ECF Dkt. No. 57.)  The Court vacated the hearing on its own motion and took the matter under submission.  (ECF Dkt. No. 58.)

While the motion was pending, the parties resumed their efforts to complete fact discovery on the allegations set forth in the TAC.  (Schecter Decl. ¶ 6.)  More than two months before the close of fact discovery, the parties submitted a joint stipulation to continue trial and extend pre-trial deadlines.  (ECF Dkt. No. 59.)  The parties asked for a 75-day extension of the fact discovery deadline for several reasons:

> (1) significant discovery disputes remain regarding discovery scope, including issues relating to document custodians, document

> review and production; (2) Plaintiffs represent that they have reviewed over 30,000 documents for production, but they still have over 30,000 more documents to review which is estimated to take approximately six weeks; (3) Defendant represents that it has completed an initial review of documents, but has at least 10,000 documents left to review for production which it estimates will take several weeks; (4) the Parties anticipate that significant discovery will need to be obtained from various third-parties, the timing of which cannot be estimated as of yet, but is likely to require additional time; and (5) the Parties believe that it would be most efficient to complete document production before fact witnesses are deposed.

(*Id.*) In addition, Plaintiffs needed more time to complete fact discovery because their lead counsel, Louis R. Miller and David W. Schecter, were lead counsel for the Relator in *United States ex rel. Brian Markus v. Aerojet Rocketdyne Holdings, Inc.* (E.D. Cal. Case No. 2:15-cv-2245-WBS-AC), a *qui tam* action brought under the False Claims Act seeking damages in excess of $2.6 billion that was set for a 15-day jury trial to commence on April 26, 2022. (*Id.*)

The Court granted the parties' joint stipulation on April 5, 2022, and extended fact discovery to August 17, 2022.

### E. The Kempczinski Subpoena

On June 10, 2022, Plaintiffs served a Rule 45 Subpoena on Mr. Kempczinski (the "Kempczinski Subpoena"). (Schecter Decl. ¶ 10 & Ex. B.) The Kempczinski Subpoena ordered Mr. Kempczinski to appear for deposition on July 7, 2022; and it requested that he produce his text messages with Chicago Mayor Lori Lightfoot from January 1, 2021 through June 30, 2021 (the time period during which his racist messages were sent).

Plaintiffs served Mr. Kempczinski with a deposition subpoena and requested six months' worth of his text messages with Chicago Mayor Lori Lightfoot because his testimony and text messages are relevant to the allegations set forth in the TAC. Plaintiffs allege that Mr. Kempczinski sent a racist text message to Chicago Mayor

1  Lori Lightfoot that blamed the parents of a young African American girl and
2  Hispanic boy who were shot. (ECF Dkt. No. 45, ¶¶ 2-3.) This text message was
3  denounced by leading members of the African American community, and it resulted
4  in boycotts and protests. (*Id.* ¶ 4.) In addition, former McDonald's executives
5  alleged that, when they met with Mr. Kempczinski about the lack of African
6  American representation in senior management, he said that the "numbers [of
7  African Americans] don't matter." (*Id.* ¶ 6.)
8        Plaintiffs also served deposition subpoenas on other current and former
9  McDonald's corporate executives, including former CEO Steve Easterbrook and
10 former CMO Morgan Flatley, to conduct discovery into McDonald's corporate
11 culture as alleged in the TAC. (Schecter Decl. ¶ 10.)
12       McDonald's objected to these subpoenas, claiming that the requested text
13 messages were not relevant and that these executives were apex witnesses who did
14 not possess relevant knowledge. (*Id.* ¶ 11-12 & Ex. C-D.)

### F. The First IDC

16       On June 17, 2022, the parties participated in an IDC before Judge Audero
17 regarding a number of disputes, including the Kempczinski Subpoena. (Dkt. No.
18 66.) Judge Audero advised Plaintiffs that, if presented with a motion to compel at
19 this stage of the case, she would require Plaintiffs to depose lower-level
20 McDonald's employees to make a connection between Mr. Kempczinski and the
21 refusals to contract at issue in this case, and then, if such a connection was made,
22 seek to depose Mr. Kempczinski. (*Id.* at 64:25-66:19, 68:13-69:13.)
23       Given Judge Audero's guidance, and with fact discovery closing in
24 approximately two months, Plaintiffs requested that McDonald's stipulate to a
25 further extension of the fact-discovery deadline. (Schecter Decl. ¶ 15.) On July 12,
26 2022, the parties submitted a joint stipulation to continue trial and extend pre-trial
27 deadlines. (ECF Dkt. No. 68.) The basis for this request was the pending discovery
28 dispute referenced above and also the fact that Plaintiffs served deposition

subpoenas on McDonald's advertising agencies back in November 2021, but the agencies could not produce the requested documents until July 2022. (*Id.*) The parties also needed additional time to collect and review additional documents, and review subsequent document productions to prepare for party and third-party depositions. (*Id.*)

On July 18, 2022, the Court granted the parties' joint stipulation and extended the fact discovery cut-off to November 15, 2022. (ECF Dkt. No. 69.)

### G. **Plaintiffs Depose McDonald's Lower-Level Executives**

Plaintiffs deposed the first three lower-level executives in late August and the fourth in October. (Schecter Decl. ¶ 16.)

The deponents could not speak for Mr. Kempczinski and had no personal knowledge of the text message or the statements made by Mr. Kempczinski alleged in the TAC. (Schecter Decl. Ex. G [Hamilton Depo. Tr.] at 49:23-24. 84:10-85:2, 85:7-86:1; Ex. F [Mason Depo. Tr.] at 190:9-15, 193:19-195:16, 198:1-199:4; Ex. H [Feldman Depo. Tr.] at 196:22-197:22, 199:1-202:1, 203:9-206:7.)

### H. **McDonald's Motion To Dismiss Is Denied**

On September 16, 2022, the Court denied McDonald's motion to dismiss in full. (ECF Dkt. No. 70 (the "MTD Order").) In its ruling, the Court held that Plaintiffs' corporate culture allegations, including the allegations pertaining to Mr. Kempczinski, were relevant to McDonald's alleged racial discrimination in violation of 42 U.S.C. § 1981 and the California Unruh Act:

> Finally, defendant contends that plaintiffs' allegations regarding its "corporate culture[,]" including an allegedly racist text message sent by McDonald's CEO to Chicago's mayor, are "irrelevant" to this action. (See Dkt. 55-1, Memo. at 20). However, the Ninth Circuit has held that remarks by a corporation's "senior management" that "suggest[] the existence of racial bias" can support a § 1981 claim, even when not directed at the plaintiff specifically. Metoyer v. Chassman, 504 F.3d 919, 937 (9th Cir. 2007), abrogated on other grounds by Charter, 915 F.3d 617; see id. ("We have held that bigoted remarks by a member of senior

> management may tend to show discrimination, even if directed at someone other than the plaintiff."); id. at 627 n. 9 (noting that "racially charged comments" made by senior decision-makers for the corporate defendant could serve as "circumstantial evidence of discriminatory animus" even though the statements did not occur in the context of the plaintiffs' specific claims).

(*Id.* at 11:6-16 (alterations and underlining in original).)

By November, the parties had completed fact discovery for the most part, except for the disputed deposition subpoenas of McDonald's current and former corporate executives and Plaintiffs' Rule 30(b)(6) deposition. (ECF Dkt. No. 79.) To permit the parties to resolve their pending disputes, the parties submitted a joint stipulation to continue trial and extend the fact discovery deadline by an additional 75 days but only as to the specific open discovery issues set forth in the stipulation. (*Id.*)

The Court granted the parties' joint stipulation and extended the fact discovery cut-off only as to the open discovery items identified in the stipulation to February 13, 2023. (ECF Dkt. No. 80.)

### I. Subsequent IDCs And Efforts To Resolve The Dispute

In light of the Court's MTD Order, Plaintiffs sent McDonald's a letter on September 27, 2022 to request compliance with the Kempczinski Subpoena. (Schecter Decl. ¶ 20 & Ex. I.) In response, McDonald's stated that it would not produce the requested text messages and would not produce Mr. Kempczinski for deposition. (*Id.* ¶ 21.) McDonald's would not produce Ms. Flatley for deposition either. (*Id.*)

Per the parties' agreement to present these disputes to the Central District of California for resolution, the parties participated in another IDC with Judge Audero on October 28, 2022. (Dkt. No. 76; Schecter Decl. ¶ 22.)

At this IDC, Judge Audero advised the parties that, in light of the MTD Order, Mr. Kempczinski's text message was relevant and a proper subject of

discovery. (*Id*. at 46:24-47:11, 48:22-49:15.) In light of McDonald's apex objection, however, Judge Audero told Plaintiffs that, if presented with a motion to compel at this stage, she would require Plaintiffs to depose lower-level personnel who either had personal knowledge of the text message and alleged statements made by Mr. Kempczinski or who could testify to those facts as a representative witness. (*Id*. at 55:2-56:12.)

The next day, Plaintiffs sent McDonald's a letter asking if it would reconsider its position regarding Mr. Kempczinski's deposition or documents in light of Judge Audero's guidance at the IDC and asked for a representative witness regarding Mr. Kempczinski's text message and alleged statements. (Schecter Decl. ¶ 22 & Ex. J.) On November 9, 2022, McDonald's confirmed via e-mail that it had not changed its positions and would not produce the text message or make Mr. Kempczinski or any other witness available to be deposed on his alleged statements. (Schecter Decl. ¶ 23 Ex. K.)

### J. **The Joint Stipulation And Further Efforts To Resolve**

On December 13, 2022, Plaintiffs served their portions of the Rule 37-2 Joint Stipulation regarding the deposition subpoena to Mr. Kempczinski (as well as the subpoena to McDonald's CMO, Morgan Flatley). (Schecter Decl. ¶ 25 & Ex. L.) The deadline for McDonald's to provide its portion was December 20, 2022. C.D. Cal. Loc. R. 37-2.2.

McDonald's told Plaintiffs that it needed additional time to complete its portions but that it was willing to resolve the disputes regarding many of the documents sought from Mr. Kempczinski and McDonald's Corp., as well as the deposition of Ms. Flatley. (Schecter Decl. ¶ 26.) This led to the parties meeting and conferring and ultimately resolving the disputed deposition of Ms. Flatley, as well as all disputed document requests other than Mr. Kempczinski's text messages with Mayor Lightfoot. (*Id.*)

McDonald's provided Plaintiffs with its portion of the Joint Stipulation on

December 30, 2022. (Schecter Decl. ¶ 27.) The parties then worked to resolve issues regarding filing under seal and ultimately filed the Rule 37-2 Joint Stipulation on January 5, 2023, setting the matter for hearing on January 30, 2023. (Dkt. Nos. 88-92.)

On January 13, 2023, Judge Audero issued an order setting the matter for an IDC on January 17, 2023. (Dkt. No. 97.) At the IDC, Judge Audero advised the parties that there was a subject matter jurisdiction issue in that, even though the parties agreed for the Central District to resolve the dispute regarding the Kempczinski Subpoena, Rule 45 required that any motion for contempt of motion for protective order be first filed in the compliance court (here, the Northern District of Illinois) and then transferred to the Central District. (Schecter Decl. ¶ 29.)

To address the Court's concern, the parties withdrew their respective motions to enforce/quash, and McDonald's filed an action in the Northern District of Illinois seeking to quash the Kempczinski Subpoena. (*Id.* ¶ 31.)

Plaintiffs asked McDonald's if it would stipulate to transfer the motion to the Central District given the parties' agreement. (*Id.* ¶ 32.) McDonald's informed Plaintiffs that it was withdrawing its consent to have the subpoena heard by Judge Audero. (*Id.* ¶ 33.) This will require Plaintiffs to file a motion to transfer in the Northern District of Illinois. (*Id.* ¶ 34.)

### III. GOOD CAUSE EXISTS TO GRANT THIS MOTION

#### A. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) allows for modification of a scheduling order upon a showing of good cause. In determining if there is good cause to modify a scheduling order, courts "primarily consider[]" the diligence of the party seeking amendment. *B & H Mfg. Co., Inc. v. Sidel, Inc.*, 2009 WL 617813, at *1 (E.D. Cal. Mar. 10, 2009) (finding good cause to modify schedule). Prejudice to the opposing party is also relevant. *Id.*

"[T]o demonstrate diligence . . . the movant may be required to show the

following: (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order, (2) that [its] noncompliance with a Rule 16 deadline occurred notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen at the time of the Rule 16 scheduling conference, and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." 2009 WL 617813, at *2 (alterations in original) (citation omitted).

Courts frequently permit modification of scheduling orders to take depositions where the party diligently sought to depose the witness but was unable due to circumstances outside of their control. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) ("In view of Noyes' timely noticing of Heinz's deposition, Kelly Services' multiple requests to delay the deposition, and Heinz's failure to appear as scheduled, it was an abuse of discretion to deny the motion to modify the scheduling order."); *see also Goodman v. L.A. Police Dep't*, 2014 WL 12614428, at *2 (C.D. Cal. Oct. 31, 2014) (holding the moving party was "not at fault for the delay giving rise to the need for" the modified order and that "[g]ood cause . . . exists here to modify the scheduling order so that the Parties may take depositions and develop facts that will be useful to the Court in deciding the Parties' Motions for Summary Judgment").

Where the ability to take a deposition is dependent on resolution of motions and the deposition was otherwise timely noticed, good cause exists to modify a scheduling order. *Doss v. Hartford Life & Accident Ins. Co.*, 2022 WL 4472964, at *3 (E.D. Cal. Sept. 26, 2022) ("As for the two expert depositions, the Court observes that the Motions were filed in advance of the expert disclosures deadline on July 1, 2022, and the expert discovery deadline on August 22, 2022. Plaintiff's ability to take those depositions depended on the Court's resolution of the Motions. Accordingly, the Court finds good cause to re-open discovery to allow Plaintiff to take the two expert depositions . . . .").

### B. Plaintiffs Have Been Diligent In Enforcing The Subpoena

Plaintiffs diligently pursued the deposition of Mr. Kempczinski but have been unable to complete his deposition on the current schedule because of the steps Plaintiffs have been required to take to resolve McDonald's objections.

Plaintiffs served the Kempczinski Subpoena in June 2022, which ordered him to appear for a deposition on July 7, 2022—more than a month prior to the fact discovery cut-off at the time. (Schecter Decl. ¶ 10 & Ex. B.) When Plaintiffs learned that Mr. Kempczinski would not appear, Plaintiffs promptly presented the dispute to the Magistrate Judge and filed a stipulated request to extend the fact discovery deadline. (*Id.* ¶¶ 11-15.) At this IDC, Judge Audero advised Plaintiffs that they needed to make a stronger showing of relevance, which required Plaintiffs to take lower-level employee depositions. (*Id.* ¶ 12.) Plaintiffs then diligently pursued lower-level depositions per Judge Audero's guidance. (*Id.* ¶¶ 13-16.)

When this Court's MTD Order effectively resolved McDonald's relevance objection, Plaintiffs could not complete the deposition on schedule because of McDonald's apex objection. (*Id.* ¶¶ 12, 20, 21.) Judge Audero advised Plaintiffs, in a subsequent IDC, that even though Mr. Kempczinski is a relevant witness, McDonald's apex objection required Plaintiffs to pursue this discovery through lower-level employees. (ECF Dkt. No. 76 at 53:16-56:12.)

McDonald's stonewalled Plaintiffs efforts, which required Plaintiffs to bring a motion. (Schecter Decl. ¶ 25.) Plaintiffs filed a motion that was set for hearing within the fact discovery period. (*Id.* ¶ 28.) Plaintiffs could not obtain a ruling on said motion within the fact discovery period given Judge Audero's view that this Court's subject matter jurisdiction required first filing the motion in the Northern District of Illinois and then transferring the motion per Rule 45(f).[2] (*Id.* ¶ 25.) The

---

[2] This was unexpected, as the parties had agreed that the Central District of California would resolve disputes regarding the Kempczinski Subpoena (Schecter

parties then withdrew their motions, and McDonald's filed an action in the Northern District of Illinois. (*Id.* ¶ 31.)

Plaintiffs cannot transfer this action back to this Court within the fact discovery deadline, as McDonald's has now backed away from its agreement to have this Court resolve the parties' disputes regarding the Kempczinski Subpoena. (*Id.* ¶¶ 32-33.) Plaintiffs will need to file a motion to transfer, which will need to be briefed, argued and resolved. (*Id.* ¶ 34.)

In sum, as shown above and in the evidence submitted with this Motion, Plaintiffs have been diligent in enforcing the Kempczinski Subpoena but cannot complete the deposition on the current schedule.[3] *See Doss*, 2022 WL 4472964, at *3 (finding good cause to reopen discovery to allow depositions to move forward that required the Court's resolution of disputed motions).

### C. Plaintiffs Will Suffer Prejudice If This Motion Is Denied

Plaintiffs relied in good faith on McDonald's agreements to not argue that the fact discovery cut-off impacted their ability to seek to enforce the Kempczinski subpoena and to have all disputes regarding such subpoena heard by Judge Audero. (Schecter Decl. ¶ 12.) Now, McDonald's has changed course. (*Id.* ¶¶ 32-33.) Plaintiffs will be unable to depose a key fact witness that goes to the heart of Plaintiffs' allegations of McDonald's racist corporate culture. [TAC ¶ 1-9; MTD 11:6-23] Indeed, in a lawsuit about McDonald's disproportionate advertising spent with African American-owned media, the deposition of McDonald's CEO, who is

---

Decl. ¶ 12), the Court had not raised this subject matter issue previously, and the subject matter jurisdiction issue identified by the Court is not well-established.

[3] Plaintiffs were overall diligent in conducting fact discovery within the timeframes set by the Court. (*Id.* ¶ 7.) In less than 13 months, Plaintiffs (1) collected over 1,600,000 documents and, after filtering and reviewing, produced 15,545 documents totaling 44,552 pages; (2) reviewed over 8,177 documents totaling 51,916 pages in documents produced by McDonald's and third parties; and (3) took and defended over 10 fact witness depositions. (*Id.*)

alleged to have expressly stated that "numbers [of African Americans] don't matter," is a key piece of evidence.  [TAC ¶ 6]

Moreover, Mr. Kempczinski's text message, which the Court has held to be relevant, shows a continued expression of racist sentiments and in particular directed at African Americans.  [Id. ¶¶ 2-4; MTD 11:6-23 ]  Given that McDonald's corporate culture encompasses myriad other issues involving African Americans (TAC ¶¶ 1-6), Plaintiffs will be prejudiced if they are unable to depose the tip of the spear for this racist culture.

By contrast, there is no prejudice to McDonald's.  McDonald's will simply obtain a ruling on the merits if this extension is granted, as it expected to do when it agreed not to object to such deposition on timeliness grounds.  Nor will anyone be prejudiced by any delay, as this extension does not seek to extend any other pre-trial or trial deadlines.  Expert discovery, post-discovery motions, pre-trial filings, and trial can all proceed on the current schedule.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the fact-discovery cut-off be extended by 60 days from February 13, 2023 to April 14, 2023, for the limited purpose of obtaining a ruling on the merits regarding the disputed deposition subpoena to Mr. Kempczinski and for complying with such ruling on the merits.

DATED:  February 6, 2023          MILLER BARONDESS, LLP

By: _____
DAVID W. SCHECTER
Attorneys for PLAINTIFFS