LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MURAD SALIM (State Bar No. 342747)
msalim@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO. 2:21-cv-04972-FMO-MAA**<br><br>**DECLARATION OF DAVID W. SCHECTER IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE**<br><br>Date: March 9, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 6D<br><br>Assigned to: Hon. Fernando M. Olguin; Hon. Maria A. Audero<br><br>Complaint Filed: May 20, 2021<br>Case Removed: June 18, 2021<br>Trial Date: September 19, 2023 |

# DECLARATION OF DAVID W. SCHECTER

I, David W. Schecter, declare as follows:

1. I am an attorney admitted to practice before this Court. I am a partner with Miller Barondess, LLP, counsel of record for Plaintiffs Entertainment Studios Networks, Inc. ("ESN") and Weather Group, LLC ("TWG" and, with ESN, "Plaintiffs"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts. I make this declaration in support of Plaintiffs' Motion for Limited Extension of Fact Discovery Deadline (the "Motion").

## A. Plaintiffs' Diligence In Completing Fact Discovery

2. On September 21, 2021, Plaintiffs each served their first set of interrogatories and requests for production on McDonald's Corporation ("McDonald's Corp.").[1]

3. McDonald's served its first set of written discovery on October 4, 2021.

4. On November 15, 2021, ESN served its second set of interrogatories and requests for production.

5. While McDonald's motion to dismiss the Plaintiffs' First Amended Complaint was pending, the parties responded to discovery requests and worked to collect, review, and produce responsive documents.

6. After Plaintiffs amended their complaint to address the issues identified by the Court in its ruling dismissing the First Amended Complaint without prejudice, the parties resumed their discovery efforts. The majority of fact discovery in this case was completed while McDonald's motion to dismiss the Third Amended Complaint ("TAC") was pending.

---

[1] McDonald's Corp. was later substituted out and McDonald's USA, LLC ("McDonald's USA" and, with McDonald's Corp., "McDonald's) became the defendant.

7. Plaintiffs have engaged in extensive fact discovery efforts since fact discovery opened in September 2021. Plaintiffs collected over 1,600,000 documents and, after filtering and reviewing, produced 15,545 documents totaling 44,552 pages. In addition, Plaintiffs received and reviewed over 8,177 documents totaling 51,916 pages produced by McDonald's and third parties. Plaintiffs have also taken and defended over 10 depositions in Chicago, New York and Los Angeles.

8. By November 2022, Plaintiffs had largely completed fact discovery.

**B. Plaintiffs' Diligence In Enforcing The Kempczinski Subpoena**

9. On May 27, 2022, counsel for Defendant McDonald's USA, LLC ("McDonald's USA") confirmed that they represent McDonald's Corporation ("McDonald's Corp." and, with McDonald's USA, "McDonald's") in connection with a Rule 45 subpoena served on McDonald's Corp. in this case. A true and correct copy of this May 27, 2022 email is attached hereto as **Exhibit A**.

10. On June 10, 2022, my office served Notices of Rule 45 subpoenas to Christopher Kempczinski, Morgan Flatley, and Steve Easterbrook. A true and correct copy of the Notice of Rule 45 Subpoena to Mr. Kempczinski is attached hereto as **Exhibit B**.

11. On June 11, 2022, McDonald's counsel stated that she would accept service of the Rule 45 subpoenas on behalf of McDonald's Corp. In that same email, McDonald's counsel stated it would move to quash and/or for a protective order. A true and correct copy of the June 11, 2022 email chain is attached hereto as **Exhibit C**.

12. Following a June 17, 2022 IDC with Magistrate Judge Maria A. Audero, on June 23, 2022, McDonald's counsel sent my office a letter stating that it objected to the deposition subpoenas to Mr. Kempczinski, Ms. Flatley, and Mr. Easterbrook on the basis of the apex doctrine. McDonald's suggested the subpoenas be withdrawn, that we depose four of their employees, and then revisit the disputed depositions, in exchange for McDonald's waiving objections to timeliness of the subpoenas. In that same letter, McDonald's confirmed that it stipulated to allowing the dispute regarding these

subpoenas to be handled by Judge Audero, rather than the Northern District of Illinois. A true and correct copy of this June 23, 2022 letter is attached hereto as **Exhibit D**.

13. On June 24, 2022, my office responded with a letter, offering a counter-proposal that we put the subpoenas on hold until completion of the four lower-level depositions, and that in exchange, McDonald's waive all objections or right to argue that the fact discovery cut-off impacted our ability to pursue those depositions. A true and correct copy of this June 24, 2022 letter is attached hereto as **Exhibit E**.

14. On June 24, 2022, I had a meet and confer with McDonald's counsel about another disputed deposition. During that call, McDonald's confirmed they agreed with the proposal in our June 24, 2022 letter.

15. In light of the parties' negotiation and consistent with guidance given by Judge Audero at the IDC, Plaintiffs requested that McDonald's stipulate to an extension of the fact discovery deadline, which request was submitted to the Court as a joint stipulation on July 12, 2022.

16. Plaintiffs proceeded to depose the following four McDonald's witnesses, as agreed: Alycia Mason (Chief US Customer and Experience Officer) (August 24, 2022); Sheila Hamilton (Director, Digital Strategy and Enablement) (August 25, 2022); Jennifer Feldman (Senior Director, Media) (August 26, 2022); and Anja Carroll (Vice President, US Field Marketing) (October 13, 2022).

17. A true and correct copy of relevant excerpts from the deposition of Alycia Mason on August 24, 2022 is attached hereto as **Exhibit F**.[2]

---

[2] Pursuant to Local Rule 79-5.2.2(b), the Parties met and conferred regarding the deposition excerpts of McDonald's witnesses included in this Motion as Exhibits F through H when the same exhibits were submitted in connection with the January 5, 2023 Joint Stipulation (which has since been withdrawn). McDonald's has designated the excerpts "Confidential." The parties sought to "eliminate or minimize the need for filing under seal by means of redaction." L.R. 79-5.2.2.(b). The parties were able to eliminate the need for filing under seal, as McDonald's agreed to allow all excerpts of the deposition transcripts cited in this Motion to be

18. A true and correct copy of relevant excerpts from the deposition of Sheila Hamilton on August 25, 2022 is attached hereto as **Exhibit G**.

19. A true and correct copy of relevant excerpts from the deposition of Jennifer Feldman on August 26, 2022 is attached hereto as **Exhibit H**.

20. After the Court denied McDonald's Motion to Dismiss Plaintiffs' Third Amended Complaint, I sent McDonald's a meet and confer letter on September 27, 2022, seeking to revisit the issue of Mr. Kempczinski's deposition. A true and correct copy of this September 27, 2022 letter is attached hereto as **Exhibit I**.

21. In a further meet and confer, McDonald's confirmed that its position regarding Mr. Kempczinski's deposition and documents remained unchanged. It also confirmed that it was still unwilling to produce Ms. Flatley for deposition, as well.

22. Following an IDC with Judge Audero on October 28, 2022, I sent a letter to McDonald's on October 29, 2022, asking if McDonald's position had changed in light of the IDC. A true and correct copy of this October 29, 2022 letter is attached hereto as **Exhibit J**.

23. On November 9, 2022, McDonald's counsel confirmed via email their position had not changed. A true and correct copy of this November 9, 2022 email chain is attached hereto as **Exhibit K**.

24. The parties participated in a private mediation with Hon. Louis M. Meisinger (Ret.) on November 11, 2022. The case did not settle at the mediation. The parties continued to work with Judge Meisinger after the mediation in an effort to resolve the case.

25. After the foregoing attempts at informal resolution did not succeed, my office proceed to draft a Joint Stipulation regarding the parties' discovery disputes. On December 13, 2022, my office served Plaintiffs' portions of a Local Rule 37-2 Joint

---

filed publicly. The excerpts attached hereto only redact portions of the testimony that is not cited or relied on in this Motion.

1  Stipulation regarding the deposition subpoena to Mr. Kempczinski, as well as the
2  deposition subpoena to Ms. Morgan Flatley.  A true and correct copy of the December
3  13, 2022 email serving McDonald's is attached hereto as **Exhibit L**.

4      26.    On December 20, 2022, McDonald's responded and stated it needed
5  additional time, and also that it was willing to negotiate and resolve certain issues
6  raised in the Joint Stipulation.  This led to us meeting and conferring and ultimately
7  resolving the dispute as to Ms. Flatley's deposition and many of the documents sought
8  from Mr. Kempczinski.

9      27.    On December 30, 2022, McDonald's served its portion of the Joint
10 Stipulation, which then focused only on Mr. Kempczinski's deposition and the text
11 messages requested in the subpoena.

12     28.    After resolving issues regarding filing under seal, the Joint Stipulation was
13 filed on January 5, 2023, set for hearing on January 30, 2023.

14     29.    On January 17, 2023, Judge Audero held an IDC regarding the Joint
15 Stipulation. Judge Audero informed the parties that, notwithstanding their agreement to
16 have this Court resolve the subpoena, the dispute regarding the Kempczinski subpoena
17 had to be first filed in the jurisdiction where it was sought to be enforced – the Northern
18 District of Illinois, where Mr. Kempczinski resides – and then transferred back to this
19 Court.  Judge Audero advised the parties that the Court would deny Plaintiffs' motion
20 to compel and McDonald's motion to quash for lack of subject matter jurisdiction.

21     30.    The parties continued to meet and confer regarding the deposition.
22 McDonald's informed Plaintiffs that it would only offer Mr. Kempczinki to sit for a 30
23 minute deposition limited exclusively to the topic of the text message and alleged
24 statement attributed to him in the TAC.  After several efforts to resolve, McDonald's
25 informed Plaintiffs that its offer was final as to Mr. Kempczinski.  The most
26 McDonald's would allow was a 30 minute deposition on the text message and alleged
27 statement attributed to him in the TAC.

31.     As a result, the parties withdrew their motions and on January 27, 2023, McDonald's filed a miscellaneous case in the Northern District of Illinois and filed a motion to quash the subpoena.  That action is *Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, Case No. 1:23-cv-00529 (N.D. Illinois) ("Illinois Action").

32.     I asked McDonald's counsel if McDonald's would consent to transfer the Illinois Action to this Court per the parties' agreement.

33.     On January 31, 2023, McDonald's counsel stated McDonald's no longer consented to have this matter heard by this Court and would resist our attempt to transfer the motion from the Northern District of Illinois.

34.     As such, Plaintiffs will need to file a motion to transfer the Illinois Action per Rule 45(f).

## LOCAL RULE 7-3

35.     Following the January 17, 2023 IDC with Judge Audero, I met and conferred with McDonald's counsel regarding the relief sought in this Motion.  We exchanged emails and had multiple telephone calls, with the last telephone call occurring on January 26, 2023.  The parties were unable to resolve their dispute, thus Plaintiffs must bring this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of February 2023, at Los Angeles, California.

_____
David W. Schecter

# INDEX OF EXHIBITS TO THE DECLARATION
# OF DAVID W. SCHECTER

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | Email dated May 27, 2022 from Amy Andrews, Subject: Entertainment Studios, Inc., et al. v. McDonald's Corporation: USDC Case No. 2:21-cv-04972-FMO-MAA | 9-11 |
| B. | Notice of Rule 45 Subpoena to Chris Kempczinski served June 10, 2022 | 12-23 |
| C. | Email dated June 11, 2022 from Amy Andrews, Subject: Entertainment Studios, Inc., et al. v. McDonald's Corporation: Case No. 2:21-cv-04972-FMO-MAA | 24-26 |
| D. | Correspondence dated June 23, 2022 from Amy C. Andrews to David W. Schecter & Louis R. Miller, Re: Entertainment Studios, Inc., et al. v. McDonald's USA, LLC; Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.) | 27-29 |
| E. | Correspondence dated June 24, 2022 from David W. Schecter to Amy Andrews, Loretta E. Lynch & Shalem Massey re Entertainment Studios, Inc., et al. v. McDonald's USA, LLC; Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California | 30-33 |
| F. | Alycia Mason Deposition Transcript Excerpts dated August 24, 2022 | 34-47 |
| G. | Sheila Hamilton Deposition Transcript Excerpts dated August 25, 2022 | 48-57 |
| H. | Jennifer Feldman Deposition Transcript Excerpts dated August 26, 2022 | 58-73 |
| I. | Correspondence dated September 27, 2022 from David W. Schecter to Amy Andrews, Loretta E. Lynch & Shalem Massey, Jennifer Steeve re Entertainment Studios, Inc., et al. v. McDonald's USA, LLC; Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California | 74-79 |
| J. | Correspondence dated October 29, 2022 from David W. Schecter to Amy Andrews, Loretta E. Lynch & Shalem Massey, Jennifer Steeve re Entertainment Studios, Inc., et al. v. McDonald's USA, LLC; Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California | 80-83 |
| K. | Email dated November 9, 2022 from Amy Andrews, Subject: Entertainment Studios, Inc., et al. v. McDonald's USA, LLC; Case No. 2:21-cv-04972-FMO-MAA | 84-94 |
| L. | Email dated December 13, 2022 from Murad Salim, Subject: ESN v. McDonald's - L.R. 37-2 Joint Stipulation re Plaintiffs" Motions to Compel (2:21-cv-04972-FMO-MAA) | 95-97 |