**EXHIBIT B - Page 12**

1 | LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
2 | DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
3 | MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
4 | Los Angeles, California 90067
Telephone: (310) 552-4400
5 | Facsimile: (310) 552-8400

6 | Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>McDONALD'S CORPORATION, a Delaware corporation<br><br>Defendant. | CASE NO. 2:21-cv-04972-FMO-MAA<br><br>**NOTICE OF RULE 45 SUBPOENA TO CHRIS KEMPCZINSKI**<br><br>Date: July 7, 2022<br>Time: 9:00 a.m<br>Place: Gair Eberhard Nelson Dedinas<br>1 East Wacker Drive<br>Suite 2600<br>Chicago, IL 60601<br><br>Assigned for all purposes to:<br>Hon. Fernando M. Olguin<br><br>Complaint Filed: May 20, 2021<br>Case Removed: June 18, 2021<br>Trial Date: September 27, 2022 |

566583.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 45, Plaintiffs Weather Group, LLC and Entertainment Studios Networks, Inc. ("Plaintiffs") intend to serve a subpoena on Chris Kempczinski for production of documents and testimony.  A copy of the Subpoena is attached hereto as **Exhibit A**.  Plaintiffs will conduct the deposition remotely by videoconferencing software on July 7, 2022 at 9:00 a.m..  The deposition will be taken upon oral examination before a court reporter of the State of California authorized to administer an oath.  The deposition will continue from day to day thereafter, excluding Saturdays, Sundays and holidays, until concluded.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, Plaintiffs intend to record the proceedings both stenographically and by video.  Plaintiffs intend to use the deposition at trial in lieu of, or in addition to, live testimony.

DATED:  June 10, 2022             MILLER BARONDESS, LLP


By:  _____/s/ David Schecter_____
     DAVID W. SCHECTER
     Attorneys for PLAINTIFFS

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company, *Plaintiff* v. McDONALD'S CORPORATION, a Delaware corporation, *Defendant* | ) ) ) ) ) ) ) | Civil Action No. 2:21-cv-04972-FMO-MAA |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Chris Kempczinski

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Gair Eberhard Nelson Dedinas Ltd<br>1 East Wacker Drive, Suite 2600<br>Chicago, IL 60601 | Date and Time:<br>July 7, 2022 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographically and by video.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 10, 2022

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Entertainment Studios Networks, Inc. and Weather Group, LLC , who issues or requests this subpoena, are:
David W. Schecter, 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067, dschecter@millerbarondess.com, (310) 552-7567.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT B - Page 15

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:21-cv-04972-FMO-MAA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# DEFINITIONS AND INSTRUCTIONS

These definitions and instructions apply to the Requests for Production below:

1. The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense contemplated by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and include, but are not limited to, "writings" as defined by Rule 1001(a) of the Federal Rules of Evidence, including ANY written, printed, typed, or other graphic matter of ANY kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and copies bearing notations or marks not found in the original, or which otherwise differ from the original, and include, but are not limited to, ALL books, records, memoranda, electronic mail, reports, notes, transcripts, letters, telegrams, cables, telex messages, wire transfers, facsimile cover sheets, ledgers, files, agreements, written COMMUNICATIONS of ANY type, correspondence, messages (including reports, notes, notations, and memoranda of or RELATING TO telephone conversations, telegrams, conversations, meetings, conferences, and ANY oral COMMUNICATION), work papers, worksheets, statements, bills, invoices, receipts, summaries, opinions, journals, desk calendars, appointment books, time sheets, diaries, lists, photographs, videotapes, and other data compilations from which information can be obtained. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

2. The terms "COMMUNICATION" and "COMMUNICATIONS" mean ANY communication, whether oral, written, or ANY other action intended to communicate ANY meaning, including, but not limited to, both: (a) verbal communications, whether made in person or by telephone, audio recording, or other means; and (b) written communications, including internal emails and correspondence, letters, facsimiles, electronic mail, text messages, social media,

instant messenger, telegraphs, and "writings" (as that term is defined by Federal Rule of Evidence 1001(a)).

3. The terms "ANY," "EACH," and "ALL" shall be read in the broadest sense of those terms and to be all inclusive.

4. The terms "YOU" and "YOUR" shall mean Chris Kempczinski, and any person or persons acting on your behalf, including but not limited to subsidiaries, parents, attorneys, agents, accountants, advisors, directors, investigators, officers, representatives, and employees.

5. The terms "PERSON" and "PERSONS" shall mean and refer to, without limitation, ANY individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and ANY department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and ALL other persons acting or purporting to act on behalf of ANY of them, and ANY of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors, and/or successors-in-interest.

6. The term "ESN" shall mean Entertainment Studios Networks, Inc. and its respective predecessors, successors, parents, and subsidiaries (and ANY predecessors thereof), present and former employees, directors, officers, shareholders, partners, members, independent contractors, attorneys, affiliates, representatives, advisors, agents, assigns, and/or ANY PERSON acting on its behalf, respectively.

7. The term "WEATHER GROUP" shall mean Weather Group, LLC and its respective predecessors, successors, parents, and subsidiaries (and ANY predecessors thereof), present and former employees, directors, officers, shareholders, partners, members, independent contractors, attorneys, affiliates, representatives, advisors, agents, assigns, and/or ANY PERSON acting on its behalf, respeThe term "LAWSUIT" shall refer to *Entertainment Studios Networks,*

1 *Inc., et al. v. McDonald's Corporation*, Case No. 2:21-cv-04972, in the U.S. District
2 Court for the Central District of California.ctively.

3     8.    The term "ESN LIFESTYLE NETWORKS" shall mean Comedy.TV,
4 Recipe.TV, MyDestination.TV, ES.TV, Pets.TV, Cars.TV., and JusticeCentral.TV,
5 which is owned and operated by Entertainment Studios Networks, Inc., and their
6 respective predecessors, successors, parents, and subsidiaries (and ANY
7 predecessors thereof), present and former employees, directors, officers,
8 shareholders, partners, members, independent contractors, attorneys, affiliates,
9 representatives, advisors, agents, assigns, and/or ANY PERSON acting on their
10 behalf, respectively.

11     9.    The term "TWC" shall mean The Weather Channel, which is owned
12 and operated by the Weather Group, LLC, and its respective predecessors,
13 successors, parents, and subsidiaries (and ANY predecessors thereof), present and
14 former employees, directors, officers, shareholders, partners, members, independent
15 contractors, attorneys, affiliates, representatives, advisors, agents, assigns, and/or
16 ANY PERSON acting on its behalf, respectively.

17     10.    The term "PLAINTIFFS' MEDIA PROPERTIES" shall refer to all of
18 ESN and WEATHER GROUP's non-print media properties, including the ESN
19 LIFESTYLE NETWORKS, TWC, syndicated programming, Internet Apps,
20 streaming platforms and all other non-print media owned and operated by Plaintiffs.

21     11.    The term "MCDONALD'S" shall mean McDonald's Corporation,
22 McDonald's USA, LLC and their respective predecessors, successors, parents, and
23 subsidiaries (and ANY predecessors thereof), present and former employees,
24 directors, officers, shareholders, partners, members, independent contractors,
25 attorneys, affiliates, representatives, advisors, agents, assigns, and/or ANY
26 PERSON acting on their behalf, respectively.

27     12.    The term "COMPARATOR CHANNELS" shall mean Animal Planet,
28 Cooking Channel, Comedy Central, CNN, Destination America, E!, Food Network,

HLN, Motor Trend, Travel Channel, National Geographic, CNBC and Oxygen.

13. The term "LAWSUIT" shall refer to *Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC*, Case No. 2:21-cv-04972, in the U.S. District Court for the Central District of California.

14. The relevant time period for these examination topics and requests for production is January 1, 2015 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL of YOUR notes, emails, text messages, and files that mention Byron Allen.

**REQUEST FOR PRODUCTION NO. 2:**

ALL of YOUR notes, emails, text messages, and files that mention ESN.

**REQUEST FOR PRODUCTION NO. 3:**

ALL of YOUR notes, emails, text messages, and files that mention WEATHER GROUP.

**REQUEST FOR PRODUCTION NO. 4:**

ALL of YOUR notes, emails, text messages, and files that mention the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 5:**

ALL board presentations, meeting minutes, notes, investigative reports, analyses, and memoranda RELATING TO MCDONALD'S business dealings with Black-owned media companies.

**REQUEST FOR PRODUCTION NO. 6:**

ALL of YOUR text messages with Chicago Mayor Lori Lightfoot from January 1, 2021 through June 30, 2021.

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On June 10, 2022, I served true copies of the following document(s) described as:

**NOTICE OF RULE 45 SUBPOENA TO CHRIS KEMPCZINSKI**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tjohnson@millerbarondess.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2022, at Los Angeles, California.

_____
Tisarai S. Johnson

# SERVICE LIST
## Entertainment Studios Networks, Inc. et al. v. McDonald's Corp
### Case No. USDC Case No. 2:21-cv-04972

| | |
|---|---|
| Shalem Massey<br>Jennifer Steeve<br>RILEY SAFER HOLMES & CANCILA LLP<br>100 Spectrum Center Drive, Ste 440<br>Irvine, CA 92618 | Attorneys for Defendant<br>MCDONALD'S CORPORATION<br><br>Tel:   (949) 359-5515<br>Fax:  (949) 359-5501<br>Email: smassey@rshc-law.com<br>          jsteeve@rshc-law.com |
| Patricia Brown Holmes (pro hac vice)<br>Amy Andrews (pro hac vice)<br>RILEY SAFER HOLMES & CANCILA LLP<br>70 W. Madison Street, Ste 2900<br>Chicago, IL 60602 | Attorneys for Defendant<br>MCDONALD'S CORPORATION<br><br>Tel:   (312) 471-8745<br>Fax:  (312) 471-8701<br>Email: pholmes@rshc-law.com<br>          aandrews@rshc-law.com |
| Loretta E. Lynch (pro hac vice)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064 | Attorneys for Defendant<br>MCDONALD'S CORPORATION<br><br>Tel:   (212) 373-3000<br>Fax:  (212) 373-3990<br>Email: lelynch@paulweiss.com |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

566571.1

11
NOTICE OF RULE 45 SUBPOENA

EXHIBIT B - Page 23