# Exhibit E

**MILLER BARONDESS, LLP**
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

June 24, 2022

**DAVID W. SCHECTER**
DIRECT DIAL: (310) 552-7567
DSCHECTER@MILLERBARONDESS.COM

*VIA E-MAIL*

Amy Andrews (pro hac vice)
Patricia Brown Holmes (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Ste 2900
Chicago, IL 60602
Email: pholmes@rshc-law.com
      aandrews@rshc-law.com

Loretta E. Lynch (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Email: lelynch@paulweiss.com

Shalem Massey
Jennifer Steeve
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA 92618
Email: smassey@rshc-law.com
      jsteeve@rshc-law.com

    Re:    *Entertainment Studios, Inc., et al. v. McDonald's USA, LLC;* Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California

Dear Amy:

    This letter is in response to your June 23, 2022 letter regarding the deposition subpoenas that we served on Chris Kempczinski, Steve Easterbrook, and Morgan Flatley; and a follow-up to our meet and confer call on June 24, 2022 regarding potential depositions of Deborah Wahl and Peter Sterling.

**I.    <u>Kempczinski, Easterbrook, and Flatley Deposition Subpoenas</u>**

    Regarding your confirmation that McDonald's USA, LLC and McDonald's Corporation will stipulate to allowing any dispute regarding these subpoenas to be heard by Magistrate Judge Audero, presiding over discovery in this case, rather than in the Northern District of Illinois, we are in agreement.

Miller Barondess, LLP

Amy C. Andrews
June 24, 2022
Page 2

As for your proposal that we withdraw the subpoenas to Mr. Kempczinski, Mr. Easterbrook, and Ms. Flatley, and in exchange you will not object to their reissuance on the ground that the fact discovery cutoff has either passed or is imminent by the time the Court has resolved the dispute regarding these depositions, we propose the following, which accomplishes the same goal but without the redundancy involved in withdrawing and re-serving subpoenas: we will agree to place the three disputed subpoenas on hold and not seek to enforce them until we have deposed Alycia Mason, Sheila Hamilton, Jennifer Feldman, and Anja Carroll, and in exchange, you will agree that the subpoenas were lawfully and timely served, and waive any objection to the subpoenas on the grounds that the fact discovery cutoff has either passed or is imminent by the time the depositions of Mason, Hamilton, Feldman, and Carroll are completed and we are prepared to revisit the disputed depositions. To avoid any confusion, under this proposal, you will preserve all objections other than timeliness, but will not argue in any way that the fact discovery cut-off impacts our ability to depose Ms. Flatley, Mr. Kempczinski, and Mr. Easterbrook, or to seek an Informal Discovery Conference or bring a Motion to Compel with respect to these disputed depositions. Likewise, we will not argue that McDonald's has waived, or unduly delayed, in seeking to prevent these depositions through a motion to quash or motion for protective order. Please confirm that we have an agreement on this issue on the above terms.

## II.   Depositions of Deborah Wahl and Peter Sterling

On our June 24, 2022 meet and confer call, we discussed Plaintiffs' desire to depose Peter Sterling and Deborah Wahl. Given that Mr. Sterling left McDonald's in 2014, we will drop our request to depose him, but must reserve our rights to revisit this issue to the extent we learn new information.

As to Ms. Wahl, you said that you needed to confirm with your client whether you are authorized to accept service of a deposition subpoena for her. Please let us know by **June 28, 2022**. We intend to serve a deposition subpoena on Ms. Wahl.

As to the deposition itself, McDonald's raises an apex objection, and claims that the four witnesses it has offered to produce have knowledge of McDonald's advertising policies and dealings with Plaintiffs and that Ms. Wahl lacks unique, first-hand knowledge of the facts at issue. Based thereon, Plaintiffs are willing to place the deposition on hold with a full reservation of rights in exchange for McDonald's agreeing to same terms as above for the subpoenas to Mr. Kempczinski, Mr. Easterbrook, and Ms. Flatley such that the fact discovery cut-off will not impair Plaintiffs' ability to depose her or for McDonald's to prevent her deposition by way of a motion to quash or motion for protective order.

Please let us know if you are in agreement.

All rights reserved.

MILLER BARONDESS, LLP

Amy C. Andrews
June 24, 2022
Page 3

                                         Sincerely,

                                          David W. Schecter