# Exhibit I

**EXHIBIT I - Page 74**

**MILLER BARONDESS, LLP**
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

September 27, 2022

**DAVID W. SCHECTER**
DIRECT DIAL: (310) 552-7567
DSCHECTER@MILLERBARONDESS.COM

*VIA E-MAIL*

Amy Andrews (pro hac vice)
Patricia Brown Holmes (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Ste 2900
Chicago, IL 60602
Email: pholmes@rshc-law.com
      aandrews@rshc-law.com

Loretta E. Lynch (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Email: lelynch@paulweiss.com

Shalem Massey
Jennifer Steeve
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA 92618
Email: smassey@rshc-law.com
      jsteeve@rshc-law.com

      Re:  *Entertainment Studios, Inc., et al. v. McDonald's USA, LLC*; Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California

Dear Counsel:

      This letter discusses the depositions of Morgan Flatley and Chris Kempczinski. Plaintiffs have already served deposition subpoenas on Ms. Flatley and Mr. Kempczinski. To address McDonald's apex objection, Plaintiffs deposed Alycia Mason, Sheila Hamilton, and Jennifer Feldman and these depositions have confirmed that the depositions of Ms. Flatley and Mr. Kempczinski are necessary. In addition, the Court's Order denying McDonald's motion to dismiss confirms that Plaintiffs are entitled to depose Mr. Kempczinski regardless of the apex doctrine.

      Please provide us with available dates for their depositions in October 2022. If McDonald's refuses, this letter serves as Plaintiffs' effort to meet and confer on these issues and we request that McDonald's make itself available for the required conference of counsel on or before Friday, October 7, 2022.

**MILLER BARONDESS, LLP**

September 27, 2022
Page 2

I. <u>**Morgan Flatley's Deposition**</u>

Ms. Flatley is the Chief Marketing Officer of McDonald's who is responsible for overseeing the marketing department, recommending and approving the national advertising budget, approving the spending of the national advertising budget, and approving the spending of McDonald's corporate advertising budget. In this role, Ms. Flatley has direct, personal knowledge of issues that are relevant to this case.

A. **Ms. Flatley has unique first-hand knowledge**

McDonald's has objected to Ms. Flatley's deposition under the apex doctrine. A party resisting a deposition on apex grounds has the "burden of showing good cause to block an apex deposition." *Pinn, Inc. v. Apple Inc.*, 2021 WL 4775969, at *2 (C.D. Cal. Sept. 10, 2021) (citing *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 262-63 (N.D. Cal. 2012)). "The party seeking to take such a deposition does not need to prove conclusively in advance that the deponent definitely has unique, non-repetitive information; instead, 'where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed.'" *Id.* (quoting *Grateful Dead Productions v. Sagan*, 2007 WL 2155693, at *1 n.5 (N.D. Cal. July 26, 2007)).

The Ninth Circuit has allowed depositions – not just of marketing officers, but of CEOs – where a showing of such first-hand knowledge is made. *See First United Methodist Church of San Jose v. Atlantic Mut. Ins. Co.*, 1995 WL 566026, at *2-3 (N.D. Cal. Sept. 19, 1995) (collecting cases). In *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976), the Ninth Circuit held plaintiffs "had the right to depose [defendant airline's President]" as the district court "found that [he] probably had some knowledge of the [disputed transaction], which finding is supported by the record" and as such a protective order was properly denied.

Looking at the documents, Morgan Flatley has first-hand knowledge of the media partners that McDonald's pays to advertise with, and the allocation of the national advertising budget. Ms. Flatley was also involved in the decision-making process of McDonald's initiative to spend more money with African American owned media companies. On September 9, 2020, Ms. Flatley stated that McDonald's was having "similar conversations internally [regarding] the opportunity with African American owned media companies and how we can help remove barriers." [ESN0012830-ESN0012837.]

At deposition, McDonald's witnesses confirmed that Ms. Flatley is personally involved in reviewing and approving McDonald's advertising spending. Ms. Feldman testified that she met "roughly monthly" with Ms. Flatley regarding the "planning and investment with respect to the national advertising budget." [Feldman Dep. 28:14-24.] Ms. Hamilton also confirmed that Ms. Mason also met with Ms. Flatley to approve the national upfront budget. [Hamilton Dep.

MILLER BARONDESS, LLP

September 27, 2022
Page 3

91:10-25.] Ms. Hamilton testified that Ms. Flatley had authority to make changes to the national budget if she was dissatisfied with any budget allocations. [*Id*. at 95:9-25.]

Moreover, the 30(b)(6) witnesses confirmed that Ms. Flatley was the best source for details about these budget meetings. Ms. Hamilton testified that Ms. Flatley provided her feedback orally at meetings and that her feedback not written down in emails. [Hamilton Dep. 96:1-25.] Additionally, Ms. Feldman was unable to recall the specifics of conversations she had with Ms. Flatley regarding specific networks and/or partners. [Feldman dep. 188:12-189:5.]

   **B. McDonald's 30(b)(6) witnesses were unable to provide this information**

Once the party has exhausted less intrusive methods by deposing lower-level executives, the apex doctrine cannot be used to block legitimate requests to depose senior executives. *K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014); *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006), objections overruled, No. C 03-5340-JF (RS), 2006 WL 3050866 (N.D. Cal. Oct. 23, 2006) (granting deposition after learning from Google's designated 30(b)(6) witnesses that the high level executive may have relevant firsthand information). Here, Plaintiffs have already deposed McDonald's designated 30(b)(6) witnesses. Those depositions revealed that Ms. Flatley possesses unique firsthand information about McDonald's advertising decision-making process and meetings with African owned media companies. Indeed, Ms. Hamilton met with Ms. Flatley at least 26 times a year to discuss budget initiatives. [Hamilton Dep. 97:3-99:5.]

Moreover, McDonald's 30(b)(6) witnesses were generally unable to provide details regarding the decision-making process behind McDonald's advertising spending. Ms. Mason testified "I don't know" over 100 times, 33 of which were in response to questions about McDonald's advertising spending. Ms. Hamilton admitted that she did not have enough knowledge or detail to answer over sixty questions, including 23 questions about McDonald's advertising spending. Ms. Feldman did not know the answer to nearly 90 questions, 28 of which involved McDonald's spending decisions. Together, the 30(b)(6) witnesses were unable to answer over 80 questions related to McDonald's advertising spending decisions.

   **C. Ms. Flatley personally made decisions relevant to this litigation**

"[C]ourts often look more favorably on depositions of high-ranking officials when there are allegations that the official personally made the decision(s) at issue in the litigation." *Givens v. Newsom*, No. 2:20-CV-0852-JAM-CKD, 2021 WL 65878, at *5 (E.D. Cal. Jan. 7, 2021). Here, Ms. Flatley was the final decision maker for the advertising allocations at issue in this litigation. Ms. Hamilton confirmed that for all advertising initiatives, including corporate funded campaigns, Ms. Flatley was responsible for final approval. [Hamilton Dep. 106:16-108:10.]

577259.2

EXHIBIT I - Page 77

Miller Barondess, LLP

September 27, 2022
Page 4

With respect to decisions about McDonald's diversity initiatives, Ms. Hamilton testified that the four-year plan was shared with Ms. Flatley and that she helped build McDonald's goals. [*Id.* 82:22 – 83:7.] Plaintiffs asked Ms. Mason about this meeting, but she was unable to recall any specific details or topics of conversation. [Mason Dep. P. 92:3 - 95:12.]

In addition, the depositions confirmed that McDonald's advertised on news networks through its corporately funded budget. But none of the 30(b)(6) witnesses were able to provide information about the details of this budget or the decision-making process. [Feldman Dep. 193:6-195:5; Hamilton Dep. 40:23-42:3; Mason Dep. 216:3-16.] Ms. Hamilton testified that Ms. Flatley was responsible for the allocation of corporate funds as well as providing the final approval for those ad campaigns. [Hamilton Dep. 106:16-108:10.]

## II. Chris Kempczinski's Documents and Deposition

### A. Statements made by senior executives are relevant

On September 16, 2022, the Court denied Defendant's motion to dismiss Plaintiff's Third Amended Complaint. [Dkt. 70.] In that ruling, the Court rejected McDonald's argument that Mr. Kempczinski's text message to Mayor Lori Lightfoot, among other racial comments, are irrelevant to this case. [Dkt. 70 at 11 ("[T]he Ninth Circuit has held that remarks by a corporation's 'senior management' that 'suggest the existence of racial bias' can support a § 1981 claim, even when not directed at the plaintiff specifically…").]

McDonald's has repeatedly refused to produce documents on this topic. In particular, McDonald's has refused to produce: (1) Mr. Kempczinski's text message to Chicago Mayor Lightfoot; (2) documents that summarize, evidence or memorialize Mr. Kempczinski's alleged oral statements that the "numbers [of African Americans] don't matter" and that McDonald's labeled plaintiffs Guster and Hines as "Angry Black Women;" (3) the investigative report related to allegations in *Washington v. McDonald's USA, LLC*. Given the Court's ruling, McDonald's must promptly produce these documents as they are relevant and discoverable.

### B. Mr. Kempczinski possesses non-duplicative first-hand knowledge

Mr. Kempczinski's deposition is also necessary. As the Court held, Mr. Kempczinski's text messages and oral statements are relevant to McDonald's racist corporate culture. Indeed, Sheila Hamilton testified that Mr. Kempczinski's text message was racist. [Hamilton Dep. 86:7-87:5.] Mr. Kempczinski's "involvement in the corporate culture that is described in various communications of which he was an author or participant" is relevant to Plaintiffs' allegations of discrimination and requires his deposition. *Iacono v. Int'l Bus. Machines Corp.*, No. CV178083FMOPLAX, 2019 WL 2932638, at *3 (C.D. Cal. Jan. 8, 2019) (permitting the apex deposition of the defendant's General Manager to proceed).

MILLER BARONDESS, LLP

September 27, 2022
Page 5

      A further reason why Mr. Kempczinski's deposition is necessary and appropriate is that Plaintiffs have already deposed three lower-level employees who did not, and could not, disclose Mr. Kempczinski's other statements about race. [Feldman Dep. 196:9-203:7; Hamilton Dep. 86:7-87:5; Mason Dep. 187:14-191:24, 193:2-194:4.] Mr. Kempczinski has first-hand knowledge of the context and conversations surrounding his text messages and other communications. Mr. Kempcszinski's "testimony regarding his own statements and decisions will thus be non-duplicative." *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 1518067, at *3 (N.D. Cal. Apr. 3, 2015) (permitting the apex deposition because the lower-level employees "did not know of, did not recall or were not involved" in the CEO's communications). His deposition is critical and necessary.

### III.    We Need to Get the Case Ready for Trial

      The discovery deadline in this case is rapidly approaching, which further militates in favor of deposing Ms. Flatley and Mr. Kempczinski now without delay. *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *4 (S.D. Cal. Apr. 6, 2007) (permitting the deposition of a former CEO and former director considering the rapidly approaching discovery deadline and limited time to pursue alternative methods).

      Please provide us with dates in October for both witnesses. All rights reserved.

Sincerely,

David W. Schecter

Copy to:    Louis R. Miller
                Murad Salim
                Margret Flodeen

577259.2

EXHIBIT I - Page 79