Exhibit J

## MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

October 29, 2022

**DAVID W. SCHECTER**
DIRECT DIAL: (310) 552-7567
DSCHECTER@MILLERBARONDESS.COM

*VIA E-MAIL*

Amy Andrews (pro hac vice)
Patricia Brown Holmes (pro hac vice)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Ste 2900
Chicago, IL 60602
Email: pholmes@rshc-law.com
　　　　aandrews@rshc-law.com

Loretta E. Lynch (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Email: lelynch@paulweiss.com

Shalem Massey
Jennifer Steeve
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Ste 440
Irvine, CA 92618
Email: smassey@rshc-law.com
　　　　jsteeve@rshc-law.com

Re: *Entertainment Studios, Inc., et al. v. McDonald's USA, LLC*; Case No. 2:21-cv-04972-FMO-MAA, U.S. District Court, Central District of California

Dear Amy:

This letter is a follow-up to the Informal Discovery Conference conducted by Magistrate Judge Maria Audero on October 28, 2022. The IDC related to Plaintiffs' Rule 45 Deposition Subpoenas on Morgan Flatley and Chris Kempczinski, as well as document demands for Mr. Kempczinski's documents served on Mr. Kempczinski and McDonald's Corporation.

McDonald's position going into the IDC was that neither individual must sit for deposition (due to the apex doctrine) and that the document demands served on Mr. Kempczinski and on McDonald's Corporation need not be responded to, on the grounds of relevance and privilege. Of course, due to the relevance objection, no privilege log has been furnished as to these documents.

Please confirm whether McDonald's is willing to reconsider any portion of its position, in light of Judge Audero's guidance. Judge Audero stated that Judge Fernando Olguin's September

583530.1

EXHIBIT J - Page 81

**MILLER BARONDESS, LLP**

Amy C. Andrews
October 29, 2022
Page 2

16, 2022 Order has confirmed that Mr. Kempczinski's racist statements, including a text message sent to Chicago Mayor Lori Lightfoot, are relevant to this case. She also provided her view that Morgan Flatley's decision in March 2021 that McDonald's would not do business with Plaintiffs, is relevant.

      As to Mr. Kempczinski, without conceding that the apex doctrine applies, Judge Audero noted that it was McDonald's obligation to provide us with a witness with knowledge of the statements, the reasons why they were made, and the context and circumstances for the statements. Plaintiffs sought a 30(b)(6) witness on this topic in their July 15, 2022 Notice of Rule 30(b)(6) Deposition of McDonald's. (30(b)(6) Notice ¶ 32.) By letter dated August 1, 2022, McDonald's objected to this topic as having "no bearing on the claims or defenses in this lawsuit." In light of Judge Audero's guidance please advise if McDonald's will withdraw its relevance objection. If so, please identify 30(b)(6) deponents and provide us proposed dates for their depositions.

      Finally, please confirm whether McDonald's will agree to a continuance of the fact discovery cut-off to allow for the parties to complete depositions and outstanding discovery. We had previously agreed that McDonald's would not object to the depositions of Mr. Kempczinski or Ms. Flatley on the grounds that the fact discovery cut-off was closed or about to close. In exchange, Plaintiffs delayed seeking judicial relief as to these depositions until after we deposed Anja Carroll, Sheila Hamilton, Alycia Mason, and Jennifer Feldman. Further, Judge Olguin's September 16, 2022 Order denying McDonald's motion to dismiss confirmed that McDonald's relevance objections are unfounded, as Judge Audero noted, and this recent ruling serves as a basis to continue the fact discovery deadline to ensure that discovery is completed.

      Given that McDonald's still has significant discovery left to complete, including the deposition of Mr. Byron Allen, it is in both parties' interest to seek such a continuance. Judge Olguin's Scheduling Order holds that any discovery motion must be filed with sufficient time to allow for the disputed documents to be produced or depositions to be conducted within the discovery period, if the motion is granted. Accordingly, we believe an extension of three months is warranted. Please confirm.

      All rights reserved.

      Sincerely,

      David W. Schecter

583530.1

**EXHIBIT J - Page 82**

# Miller Barondess, LLP

Amy C. Andrews
October 29, 2022
Page 3

Copy to:  Louis R. Miller
          Murad Salim
          Margret Flodeen

583530.1