Patricia Brown Holmes (*pro hac vice*)
Amy Andrews (*pro hac vice*)
Shalem Massey (SBN 143281)
Jennifer Steeve (SBN 308082)
RILEY SAFER HOLMES & CANCILA LLP
100 Spectrum Center Drive, Suite 440
Irvine, CA 92618
smassey@rshc-law.com
jsteeve@rshc-law.com
Telephone: (949) 359-5515
Facsimile: (949) 359-5501

Loretta E. Lynch (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
lelynch@paulweiss.com

John C. Hueston (SBN 164921)
Moez M. Kaba (SBN 257456)
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
jhueston@hueston.com
mkaba@hueston.com

*Attorneys for Defendant McDonald's USA, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO. 2:21-cv-04972-FMO-MAA**<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE**<br><br>Assigned to: Hon. Fernando M. Olguin; Hon. Maria A. Audero<br><br>Complaint Filed: May 20, 2021<br>Case Removed: June 18, 2021<br>Discovery Cut-Off: Feb. 13, 2023<br>Final PTC: Sept. 1, 2023<br>Trial Date: Sept. 19, 2023 |

Pursuant to Local Rule 7-9 and the Court's February 10, 2023 Order (ECF No. 104), Defendant McDonald's USA, LLC ("McDonald's USA"), hereby submits this response to Plaintiffs' motion for limited extension of the fact discovery deadline (ECF No. 103 ("Mot.")). In support thereof, McDonald's USA states as follows:

## I.   INTRODUCTION

Plaintiffs initiated this action in May 2021, and since the Third Amended Complaint was filed in December 2021, the Parties have diligently pursued discovery, including through the production of documents, responses to written discovery, and depositions of multiple party and third-party witnesses. To accommodate those efforts, the Parties have previously sought, and received, four extensions of the fact discovery period. Plaintiffs now seek an opposed fifth extension of the fact discovery deadline, in order to allow them to pursue motion practice relating to a Rule 45 subpoena for documents and a deposition that they issued in June 2022 to Christopher Kempczinski, the current CEO and President of non-party McDonald's Corporation.

But Counsel for McDonald's Corporation and Mr. Kempczinski (collectively, the "Non-Parties") have engaged in numerous efforts to reach an accord with Plaintiffs regarding this subpoena, including through multiple Informal Discovery Conferences with Magistrate Judge Audero regarding the apex doctrine objection to the subpoena, and, most recently, by way of multiple offers to make Mr. Kempczinski available for a deposition. Plaintiffs' continued refusal to accept a reasonable compromise regarding the subpoena provides no basis for further extension of the fact discovery period, let alone the "good faith" explicitly required by Rule 16. Because continued motion practice regarding the subpoena would unnecessarily and improperly prolong the proceedings and impose continued expense and burden on Defendant McDonald's USA, as well as McDonald's Corporation and Mr. Kempczinski, no further extension should be granted. *See* Fed. R. Civ. P. 1 (Rules "should be construed, administered, and employed by the court and the parties "to

- 1 -

Defendant's Response to Plaintiffs' Motion for Limited Extension of Fact Discovery Deadline
Case No. 2:21-cv-04972-FMO-MAA

secure the just, speedy, and inexpensive determination of every action and proceeding.").

## II. PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE TO MODIFY THE EXISTING SCHEDULING ORDER.

The current scheduling order (ECF No. 80) was entered by the Court on November 28, 2022, extending the fact discovery period to February 13, 2023 for the limited purpose of resolving several discrete outstanding discovery issues, including Plaintiffs' subpoena to Mr. Kempczinski. *See* Fourth Joint Stipulation to Continue Trial and Extend Pre-Trial Deadlines (ECF No. 79) at 4. Plaintiffs now seek a fifth extension of this deadline, for an additional 60 days, in order to "obtain a ruling on the merits with respect to the disputed deposition subpoena" to Mr. Kempczinski. Mot. at 2.

Pursuant to Rule 16(b)(4), however, the existing fact discovery deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* ECF No. 29 (Court will only grant modifications to scheduling order upon "a proper showing" of "good cause"). In determining whether good cause[1] exists, the Court is to "primarily consider[] the diligence of the party seeking the amendment." *Wietfelt v. Comdata*, 2022 WL 1493256, at *1 (S.D. Cal. Apr. 7, 2022). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Where it is clear that the moving "party was not diligent,

---

[1] A movant may establish good cause by showing: "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

- 2 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-CV-04972-FMO-MAA

1  the inquiry should end." *Id.*; *see also Cunning v. Skye Bioscience, Inc.*, 2022 WL
2  3137457, at *2 (C.D. Cal. June 9, 2022) (same). And "[p]rejudice to the non-moving
3  party, while not required under Rule 16(b)'s good cause assessment, can serve as an
4  additional reason to deny a motion" to amend. *Coleman v. Quaker Oats Co.*, 232
5  F.3d 1271, 1294 (9th Cir. 2000); *see also Bradford v. DANA Corp.*, 249 F.3d 807,
6  809 (8th Cir. 2001) (even where movant establishes good cause, "the district court
7  retains discretion as to whether to grant the motion").

8       Here, Plaintiffs have not established good cause for modification. *First*, the
9  failure to depose Mr. Kempczinski prior to the February 13, 2023 fact discovery cut-
10 off rests entirely with Plaintiffs. Counsel held multiple Informal Discovery
11 Conferences with Magistrate Judge Audero regarding this issue, including as recently
12 as January 17, 2023. On January 18, 2023, counsel for McDonald's USA and the
13 Non-Parties proposed a compromise that was consistent with the guidance provided
14 by Judge Audero during the IDCs, and would have allowed for completion of Mr.
15 Kempczinski's deposition within the remaining time frame without additional motion
16 practice. Plaintiffs rejected this proposal outright. Because Plaintiffs' inability to
17 obtain the requested discovery is the direct result of their own refusal to follow the
18 guidance provided at the IDC and negotiate a compromise, they cannot establish that
19 they were diligent. *Second*, "once it became apparent that [Plaintiffs] could not
20 comply with the [scheduling] order," they were required to be diligent in seeking an
21 amendment. *See Cunning*, 2022 WL 3137457, at *3. Nevertheless, Plaintiffs waited
22 nearly three weeks (until the eve of the discovery cut-off) to move this Court for an
23 extension. Such delay belies any finding of diligence. *Third*, even if Plaintiffs have
24 established good cause pursuant to Rule 16(b)(4), further extending the fact
25 discovery period at this juncture would be prejudicial to Defendant McDonald's
26 USA, as well as non-parties McDonald's Corporation and Mr. Kempczinski. As
27 such, the motion should be denied.
28

- 3 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-cv-04972-FMO-MAA

### A. Plaintiffs Unequivocally Rejected the Offers to Produce Mr. Kempczinski for Deposition.

Glaringly absent from Plaintiffs' motion is any discussion of the fact that ***McDonald's Corp. made several offers to produce Mr. Kempczinski for a deposition***, and that the terms of its offers were consistent with the guidance provided to counsel during their three separate IDCs with Magistrate Judge Audero. Upon receipt of the subpoena, McDonald's immediately objected to it, noting that as the CEO and President of non-party McDonald's Corp., Mr. Kempczinski is entitled to the protections of the apex doctrine.[2] Ex. A. During the IDCs with Magistrate Judge Audero, the Court consistently recognized that the apex doctrine applied to Mr. Kempczinski. *See e.g.* ECF Nos. 76 at 53:16-54:7, 55:2-56:12. Accordingly, much of the discussion with Magistrate Judge Audero regarding the Kempczinski subpoena has revolved around whether Plaintiffs demonstrated that (i) Mr. Kempczinski has unique, first-hand knowledge of the facts at issue in the case, and (ii) they exhausted less intrusive discovery methods before proceeding with a deposition of the CEO of McDonald's Corporation. *Id*; *see also Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.").

---

[2] Because depositions of officials at the highest levels of corporate management "create[] a tremendous potential for abuse or harassment" *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007), courts apply the apex doctrine. Accordingly, "when a party seeks to take the deposition of an official at the highest level or 'apex' of a corporation, the court may exercise its authority under the federal rules to limit discovery." *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

- 4 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-cv-04972-FMO-MAA

During the January 17, 2023 IDC, Judge Audero provided counsel with informal guidance[3] as to those issues that she thought fell within the boundaries of an appropriate apex deposition (*i.e.*, those that Mr. Kempczinski appeared to have first-hand knowledge of). Consistent therewith, counsel for McDonald's Corp. advised Plaintiffs' counsel that it would be willing to withdraw its prior wholesale objection to a deposition of Mr. Kempczinski, and presented an offer of compromise. Specifically, on January 18, 20, and 23, McDonald's Corp. offered to produce Mr. Kempczinski for a 30-minute, remote deposition limited to the two allegations in Plaintiffs' Third Amended Complaint ("TAC") which specifically pertained to him, namely, his publicly disclosed text message to Mayor Lightfoot (TAC ¶ 3) and the statement contained in the *Guster-Hines* complaint alleged to have been made by Mr. Kempczinski (*Id.* ¶ 6). *See* Ex. B. And to address Plaintiffs' assertion that it was entitled to broader discovery regarding "McDonald's Corporate Culture" (*see* ECF No. 92 at 16), McDonald's Corp. further offered to produce Rule 30(b)(6) witness(es) knowledgeable about the Company's DEI policies and practices (including its Chief Diversity Officer). Ex. B. McDonald's Corp. specifically noted that it was proposing this compromise in order to obviate the need for further motion practice, as well as the need to extend the discovery cut-off. *Id.*

---

[3] The January 17, 2023 IDC was scheduled in response to the Local Rule 37-2 Joint Stipulation filed by Plaintiffs and counsel for McDonald's Corp. on January 5, 2023 (ECF No. 92). During this IDC, Magistrate Judge Audero advised counsel that because the Kempczinski subpoena required compliance in the Northern District of Illinois, only that court had jurisdiction to hear a motion to quash, modify or for contempt. *See* ECF No. 98. Accordingly, the Non-Parties initiated an action in the Northern District of Illinois. *See Entertainment Studios Networks Inc. v. McDonald's USA, LLC*, Case No. 1:23-cv-00529 (N.D Ill.). Nevertheless, during the January 17, 2023 IDC, in an off-record, informal discussion with counsel, Judge Audero advised the parties how she would rule on the Kempczinski subpoena were the issue properly before her.

- 5 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-CV-04972-FMO-MAA

1   Plaintiffs unequivocally rejected McDonald's Corp.'s offer, instead
2   demanding that Mr. Kempczinski sit for a five-and-a-half hour, in-person deposition
3   regarding "the corporate culture allegations in the" TAC. *Id.* Plaintiffs provided no
4   basis for such a sweeping demand (nor could they, given the limited nature of the
5   claimed first-hand knowledge and the consistent restrictions imposed by courts in
6   this Circuit as to the amount of time that a CEO can be compelled to testify, *see*
7   *Apple, Inc.*, 282 F.R.D. at 265 (limiting CEO's deposition to no more than two
8   hours)). Plaintiffs' baseless demand is in and of itself an indication that there is no
9   good cause to grant Plaintiffs' motion. *See Gunn v. Stevens Sec. & Training Serv.,*
10  *Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018) ("A party that steadfastly
11  maintains a position without support is not engaging in a good faith discussion.").
12  Moreover, a party that refuses to engage in reasonable accommodations, thereby
13  necessitating the need for an extension, cannot be said to have acted with the requisite
14  diligence. *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445
15  F. Supp. 3d 1055, 1056 (S.D. Cal. 2020) (refusal of party to conduct deposition
16  remotely was for reasons of convenience, and thus, they had "not diligently sought
17  to complete depositions"); ECF No. 29 at II.A. ("the court expects counsel to resolve
18  discovery disputes among themselves in a courteous, reasonable, and professional
19  manner").

### B. **Plaintiffs' Delay in Seeking an Extension of the Discovery Cut-Off Precludes any Finding of Diligence.**

22  During the January 17, 2023 IDC, Magistrate Judge Audero advised Plaintiffs
23  that she believed the impending discovery cut-off of February 13, 2023 left them with
24  inadequate time to pursue a motion to compel with respect to the Kempczinski
25  subpoena. *See also* ECF No. 29 at II.C. (discovery motions "must be filed, served,
26  and calendared sufficiently in advance of the discovery cut-off date to permit … the
27  deposition to be completed before the discovery cut-off if the motion is granted).
28  Nevertheless, Plaintiffs waited nearly three weeks before filing the instant motion on

- 6 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-CV-04972-FMO-MAA

February 6, 2023.[4] Their motion provides no explanation as to the reason for the delay.

Because Plaintiffs failed to make "a diligent effort to conduct discovery within the Scheduling Order's deadlines," and failed to provide any explanation for the delay, they have not demonstrated the requisite diligence necessary to establish good cause for purposes of Rule 16(b)(4). *See Cunning*, 2022 WL 3137457, at *2 (denying motion to amend scheduling order where movant "did not act diligently in seeking amendment once it was apparent they would not be able to comply"); *Wiefelt*, 2022 WL 1493256, at *1-2 (denying motion to extend discovery cut-off for lack of diligence).

### C. Granting Plaintiffs' Motion Would Result in Undue Prejudice to McDonald's USA and the Non-Parties.

Finally, granting Plaintiffs' motion would result in undue prejudice to McDonald's USA and the Non-Parties. Fact discovery in this matter officially closed on November 15, 2022 (ECF No. 69), with a limited extension to February 13, 2023 (ECF No. 79). Yet Plaintiffs now seek an additional 60 days—thereby pushing the deadline to April 14, 2023—meaning that fact discovery would extend until after the exchange of initial and rebuttal expert reports (ECF Nos. 80, 87) and until only two months before the dispositive motion deadline (*id.*). McDonald's USA has a legitimate "interest in maintaining an agreed-upon and judicially-sanctioned endpoint for this case," *Tyndall v. Maynor*, 288 F.R.D. 103, 110 (M.D.N.C. 2013), which would be prejudiced should Plaintiffs' motion be granted.

Moreover, counsel for Defendant and the Non-Parties have engaged in substantial efforts to resolve this issue with Plaintiffs—including, but not limited to

---

[4] To the extent that Plaintiffs may assert that the delay was due to their need to comply with Local Rule 7-3, including the 7-day waiting period, they were aware well before January 30, 2023 that McDonald's USA did not agree to a fifth extension of the fact discovery cut-off.

- 7 -

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR
LIMITED EXTENSION OF FACT DISCOVERY DEADLINE
CASE NO. 2:21-CV-04972-FMO-MAA

three separate IDCs, preparation and submission of a Local Rule 37-1 Joint Stipulation totaling twenty-seven pages, multiple meet and confers, and multiple offers of compromise—all to no avail. And Plaintiffs have indicated that if the fact discovery period is extended, they will continue to further burden Defendant and the Non-Parties with additional motion practice unless they are given a five-plus hour, unlimited deposition of Mr. Kempczinski. Subjecting Defendant and the Non-Parties to these continued demands of Plaintiffs is unduly prejudicial, and the Court should exercise its discretion to prevent such prejudice. *Bradford*, 249 F.3d at 809.

### III. CONCLUSION

Plaintiffs have not established good cause to modify the fact discovery cut-off in the existing Case Management Order as required by Rule 16(b)(4), and therefore, their motion should be denied.

- 8 -

Defendant's Response to Plaintiffs' Motion for Limited Extension of Fact Discovery Deadline
Case No. 2:21-cv-04972-FMO-MAA

| | |
|---|---|
| Dated: February 14, 2023 | */s/ Amy C. Andrews* |
| | Patricia Brown Holmes (*pro hac vice*) |
| | Amy Andrews (*pro hac vice*) |
| | Shalem Massey (SBN 143281) |
| | Jennifer Steeve (SBN 308082) |
| | RILEY SAFER HOLMES & CANCILA LLP |
| | 100 Spectrum Center Drive, Suite 440 |
| | Irvine, CA  92618 |
| | smassey@rshc-law.com |
| | jsteeve@rshc-law.com |
| | Telephone: (949) 359-5515 |
| | Facsimile: (949) 359-5501 |
| | |
| | Loretta E. Lynch (*pro hac vice*) |
| | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| | 1285 Avenue of the Americas |
| | New York, New York 10019-6064 |
| | lelynch@paulweiss.com |
| | |
| | John C. Hueston (SBN 164921) |
| | Moez M. Kaba (SBN 257456) |
| | HUESTON HENNIGAN LLP |
| | 523 West 6th Street, Suite 400 |
| | Los Angeles, CA 90014 |
| | jhueston@hueston.com |
| | mkaba@hueston.com |
| | |
| | *Attorneys for Defendant McDonald's USA, LLC* |