# EXHIBIT A



Amy C. Andrews
(312) 471-8756
aandrews@rshc-law.com

June 23, 2022

**VIA EMAIL**

David W. Schecter
Louis R. Miller
Miller Barondess, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
dschecter@millerbarondess.com
smiller@millerbarondess.com

       Re:   *Entertainment Studios, Inc., et al. v. McDonald's USA, LLC*; Case No. 2:21-cv-04972-FMO-MAA (C.D. Cal.)

Dear David:

    I write in response to your letter dated June 22, 2022, and regarding the June 10, 2022 deposition subpoenas your firm issued to Chris Kempczinski, Steve Easterbrook, and Morgan Flatley.

    As we have previously discussed and as detailed in my prior correspondence, McDonald's USA and McDonald's Corporation object to these depositions: given the seniority of all three individuals, the apex doctrine applies to each, and as regards Mr. Easterbrook and Mr. Kempczinski, neither had any involvement in the issues in this lawsuit (indeed, Mr. Easterbrook is not even mentioned in the operative complaint), and thus, possess no relevant information, let alone the unique, first-hand knowledge of the facts at issue required under the apex doctrine.  As respects Ms. Flatley, the two emails you attached to your letter hardly demonstrate that she has "unique first-hand, non-repetitive knowledge of the facts at issue in the case," *Apple, Inc. v. Samsung Elecs., Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012), sufficient to defeat the apex doctrine objection.  Indeed, Alycia Mason and Sheila Hamilton—both of whom McDonald's USA has agreed to produce for deposition—are copied on these emails, indicating that the information that Plaintiffs seek on these topics can be obtained from lower-level employees.

    In order to avoid any unnecessary motion practice on these issues, and given Plaintiffs' agreement to postpone seeking to depose Mr. Easterbrook or Mr. Kempczinski until after the depositions of McDonald's USA witnesses, we propose the following: Plaintiffs will immediately withdraw these three subpoenas, with the understanding that Plaintiffs may re-issue them after completion of the depositions of McDonald's USA employees Anja Carroll, Jennifer Feldman, Sheila Hamilton, and Alycia Mason.  As I stated during our meet and confer, if the testimony of these lower-level employees indicates that a deposition of Ms. Flatley is warranted, my client is

willing to reconsider its apex doctrine objection with respect to her deposition. In exchange for Plaintiffs' withdrawal of these subpoenas, McDonald's USA and McDonald's Corporation—while preserving all other objections—will not object to their reissuance on the ground that the fact discovery cutoff has either passed or is imminent by the time the Court has resolved the question of whether such depositions are proper in this matter.

Regarding the other points you raise, I can confirm that McDonald's USA and McDonald's Corporation will stipulate to allowing the dispute regarding these subpoenas to be handled by Magistrate Judge Audero, rather than by the Northern District of Illinois.

Please let me know if Plaintiffs are agreeable to this proposal no later than close of business on Friday, June 24, 2022. If Plaintiffs will not voluntarily withdraw these subpoenas, we will proceed with a motion to quash and/or for a protective order.

Sincerely,

*Amy C. Andrews*

Amy C. Andrews

CC:   Counsel of Record