LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
DAVID W. SCHECTER (State Bar No. 296251)
dschecter@millerbarondess.com
MURAD SALIM (State Bar No. 342747)
msalim@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; WEATHER GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S USA, LLC, a Delaware limited liability company,<br><br>Defendant. | **CASE NO. 2:21-cv-04972-FMO-MAA**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE**<br><br>Date:  March 9, 2023<br>Time:  10:00 a.m.<br>Dept.:  6D<br><br>Assigned to: Hon. Fernando M. Olguin; Hon. Maria A. Audero<br><br>Complaint Filed:  May 20, 2021<br>Case Removed:  June 18, 2021<br>Discovery Cut-Off:  Feb. 13, 2023<br>Final PTC:  Sept. 1, 2023<br>Trial Date:  Sept. 19, 2023 |

*600689.1*

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek an extremely limited extension of the discovery deadline in order to take a key deposition that they have diligently sought. This extension will not prejudice McDonald's.

As Plaintiffs detailed in their Motion, Plaintiffs have sought to depose Mr. Kempczinski for months. Plaintiffs served the deposition subpoena over nine months ago, and since then, participated in three informal discovery conferences, conducted significant discovery of lower-level executives per the Magistrate Judge's guidance, and filed a motion to compel the deposition which would have been fully briefed and ruled on weeks prior to the close of fact discovery.

The only reason Plaintiffs were unable to complete this discovery on schedule is because the Magistrate Judge noted a possible issue with the Court's subject matter jurisdiction, and Plaintiffs needed time to cure that jurisdictional issue so the Magistrate Judge can rule on the merits. That is occurring, and we are on track to have this resolved in the next 60 days. Trial is over seven months away, and this limited extension of fact discovery will not require continuing the trial date or changing any other pre-trial deadline.

McDonald's concedes that Plaintiffs have diligently conducted discovery in this case, including the pursuit of Mr. Kempczinski's deposition. But McDonald's is trying to protect its chief executive, and so it has concocted an argument that Plaintiffs were somehow not diligent because they filed this Motion three weeks after the last IDC. This argument is meritless. Plaintiffs were required by Local Rule 7-3 to meet and confer at least one week prior to filing the Motion. Thus, the Local Rules precluded Plaintiffs from immediately filing it.

In addition, Plaintiffs did not sit on their hands during this period. They engaged in multiple meet and confer discussions in an attempt to resolve the dispute informally between the parties, while also preparing for and completing two other

depositions and preparing to meet the February 21 expert disclosure deadline.

When the meet and confer efforts failed, Plaintiffs promptly filed this Motion. The standard is reasonable diligence, and Plaintiffs have met and exceeded that standard.

McDonald's also claims prejudice, but its argument is conclusory, meritless, and asserted for the first time in its Opposition. McDonald's never claimed prejudice in any of the meet and confer discussions leading up to this Motion. For the reasons set forth herein and in the Motion, the Court should grant the requested limited extension.

## II.   ARGUMENT

### A.   Plaintiffs Diligently Pursued Chris Kempczinski's Deposition

The primary issue before the Court is whether Plaintiffs were diligent in seeking to depose Mr. Kempczinski within the case schedule set by the Court. (Motion for limited extension of the fact discovery deadline ("Mot.") 6:11-28.) Extensions of discovery deadlines, particularly for such narrowly limited purposes, are routinely granted even where significantly less diligence has been shown. *See, e.g. In re PFA Ins. Mktg. Litig.*, 2021 WL 3476775, at *1 (N.D. Cal. Aug. 4, 2021) (granting extension to allow magistrate to consider apex deposition issues and for party to take deposition if magistrate permits); *Sarieddine v. Big Bang Vape Co., LLC*, 2018 WL 11351988, at *3 (C.D. Cal. July 16, 2018) (finding good cause to extend discovery to permit taking of depositions even where "[i]t is certainly arguable that [the party] should have pursued some of its discovery earlier" and still finding the party was "sufficiently diligent").

It is reversible error for a court to deny an extension where, as here, the moving party has diligently sought a deposition and was unable to take it in time due to circumstances beyond the party's control. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

In the Motion, Plaintiffs laid out in detail how they have diligently pursued

this deposition for nine months.[1] (Mot. 9:19-14:19.) In the Opposition, McDonald's does not respond to this evidence. Indeed, McDonald's concedes that Plaintiffs have diligently pursued discovery in this case, which necessarily includes the Kempczinski Supboena. (Opp. 1:6-9.)

But McDonald's is dead set on protecting its current CEO, so McDonald's has to make a lack of diligence argument. The best it can come up is an argument Plaintiffs were not diligent because they refused McDonald's "reasonable" offer and because they "waited" three weeks after the last IDC to file the Motion. Both arguments are meritless.

### 1. **Plaintiffs Were Not Required To Accept McDonald's Offer**

McDonald's argues that Plaintiffs were required to accept its offer to depose Mr. Kempczinski remotely on two narrow topics for a *maximum* allotted time of thirty minutes. (Opp. 5:7-12.) McDonald's fails to cite a single case where a court held that a party lacked diligence in pursuing discovery because it failed to accept an offer for a limited deposition of a witness who the Court has already held made relevant statements. (*See* Opp.)

Instead, McDonald's cites cases where courts have imposed limitations on a party's right to depose a corporation's chief executive. (Opp. 4:7-28.) But these cases are inapposite because no court has *ruled* on what the appropriate limitations are for this deposition. Indeed, that is what Plaintiffs are seeking—a ruling on the merits as to the scope of this deposition. (Mot. 2:19-25.) Plaintiffs are not required to accept McDonald's view on what the actual ruling may be.

---

[1] Plaintiffs continue to diligently seek Mr. Kempczinski's deposition and to resolve the dispute regarding it on the shortest possible timeline. Plaintiffs have retained local counsel in the Northern District of Illinois, a briefing schedule has been set, and Plaintiffs will be filing motion to compel, an opposition to the motion to quash, and a motion to transfer on or before February 21, 2023. (Schecter Reply Decl. ¶ 9 and Ex. D.)

What is more, McDonald's argument is based on the flawed premise that its offer was reasonable. It was not. Thirty minutes is not enough time to cover the corporate culture allegations this Court already held are relevant to the dispute.[2] (ECF Dkt. No. 70, 11:6-23.) Plaintiffs need time to explore:

- Mr. Kempczinki's racially-charged text messages to Chicago Mayor Lori Lightfoot, including the context in which those texts were sent and Mr. Kempczinski's relationship with Mayor Lightfoot;

- Relatedly, Plaintiffs need to explore the aftermath of the publication of those messages, including Mr. Kempczinski's subsequent responses and interactions with his colleagues;

- The alleged statement made by Mr. Kempczinski to two former, African American McDonald's executives, Victoria Guster-Hines and Domineca Neal, including the tone and context of that statement, and related issues, (Third Amended Complaint ("TAC") ¶ 6); and

- Other racial discrimination claims made against Mr. Kempczinski and McDonald's by prominent Black franchisees and executives, such as the allegations made by the former McDonald's franchisee Herbert L. Washington in *Washington v. McDonald's USA, LLC*, Case No. 4:21-cv-00367 (N.D. Ohio), that Mr. Kempczinski oversaw and directed efforts to push African American franchisees out of the system (Schecter Reply Decl. ¶ 2 and Ex. A), and Mr. Kempczinski's former head of security, Michael Peaster, who alleges that Mr. Kempczinski retaliated against him after making a speech during a town hall session at McDonald's to discuss Mr. Kempczinski's text message to Mayor

---

[2] McDonald's claims that Judge Audero has already ruled on this dispute, but that is not the case and, moreover, Judge Audero did not advise the parties that a thirty-minute deposition was the most that would be allowed.

Lightfoot, (Schecter Reply Decl. ¶ 3 and Ex. B.)

In their Opposition, McDonald's points to *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265 (N.D. Cal. 2012), as an example of a court limiting an apex deposition to two hours. That does not show that McDonald's offer was reasonable and sufficient as a matter of law. The deposition of the CEO in that case was a full four times longer than the offer McDonald's made. In other cases, courts have permitted depositions of CEOs without limiting time at all. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 2012 WL 5373421, at *4 (S.D. Cal. Oct. 30, 2012) (allowing deposition of CEO without imposing time limits where Plaintiffs demonstrated the CEO "may have personal, non-repetitive knowledge of relevant facts"); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, at *5 (S.D. Cal. Apr. 6, 2007) (allowing deposition of CEO without time restrictions).

McDonald's also relies on two additional inapposite cases to support its argument. In *Gunn v. Stevens*, one of the parties refused to produce pay records based on case law that it knew had "long since been rejected by the Seventh Circuit." *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. Apr. 11, 2018). Years of precedent, known to the objecting party, rendered its objections clearly meritless. *Id.* In light of such an unsupportable position, the Court noted that "[a] party that steadfastly maintains a position without support is not engaging in a good faith discussion." *Id.* This is a far cry from the present dispute, where Plaintiffs seek a ruling on whether the apex doctrine applies (it does not as to the statements Mr. Kempczinski personally made) and, if so, what limitations would be reasonable.

McDonald's also relies on *United States for use and benefit of Chen v. K.O.O. Construction, Inc.*, 445 F. Supp. 3d 1055, 1056 (S.D. Cal. 2020). *K.O.O. Construction* has even less relevance. There, a party sought to extend a discovery deadline to take an in-person deposition when Covid-19 precautions made such depositions impossible. The would-be deponent was fully willing to cooperate and

sit for a remote deposition. The moving party's refusal to accept health-related technical accommodations was found unreasonable. *K.O.O. Construction* has nothing to do with the reasonableness of a party insisting on its substantive right to take a deposition of adequate length and scope.

Thus, McDonald's has failed to show that its offer was reasonable or that Plaintiffs were required to accept it or lose the right to obtain a ruling on scope of the deposition.

### 2. Plaintiffs Promptly Sought Motion To Extend

McDonald's also argues that Plaintiffs failed to act with diligence because they filed their motion to extend the discovery deadline three weeks after McDonald's insisted on a 30-minute deposition. This argument is without merit for several reasons.

First, Plaintiffs needed to extend the fact discovery period. There was no way for Plaintiffs to present the dispute regarding the Kempczinski Subpoena to Judge Audero or the Northern District of Illinois, obtain a ruling on that dispute, and then complete the deposition prior to the close of fact discovery on February 13, 2023. There is no dispute that this Motion was required even if Plaintiffs filed it immediately upon learning of the potential subject matter jurisdiction issue.

Second, Plaintiffs were diligent in bringing this Motion. Plaintiffs spent weeks meeting and conferring with McDonald's in an effort to resolve the dispute. (Andrews Decl., ¶ 4.) When those meet and confer efforts failed, Plaintiffs filed the Motion promptly. (Schecter Decl. to Mot. (ECF No. 103-1), ¶ 35)

Third, Plaintiffs were required per Local Rule 7-3 to wait at least one week after meeting and conferring before bringing a motion to extend deadlines. Plaintiffs could not have filed the motion immediately after the last IDC. McDonald's is therefore arguing Plaintiffs were not diligent because they waited an additional two weeks to file the Motion. Even if Plaintiffs had done nothing but prepare the Motion over those two weeks, that would not show a lack of diligence.

It takes time to consider options, strategize, research, and draft a motion. Taking a few weeks to do so is well-within the normal bounds of diligent practice, and parties exhibiting considerably less diligence have been granted limited extensions to take depositions. *See Sarieddine*, 2018 WL 11351988, at *3.

But, as McDonald's knows, Plaintiffs did not just use those weeks for internal deliberations, research, and drafting. Instead, Plaintiffs had to prepare for and complete the deposition of McDonald's Global CMO, Morgan Flatley, prepare for and complete the deposition of non-party Lynnwood Bibbens and work with their experts to meet the upcoming expert disclosure deadline. (Schecter Reply Decl. ¶¶ 4-6.)

Neither of the cases cited by McDonald's support its argument that a party lacks diligence by taking two weeks to prepare and file a motion. *Wietfelt v. Comdata*, 2022 WL 1493256 (S.D. Cal. Apr. 7, 2022), is inapposite. There, the moving party was not diligent because they waited months to *begin* discovery and further unreasonably delayed issuing key subpoenas. That is simply not the case here. Plaintiffs served Mr. Kempczinski's deposition over nine months ago, and McDonald's concedes that Plaintiffs have diligently pursued discovery. (Opp. 1:6-9.)

*Cunning v. Skye Bioscience, Inc.*, 2022 WL 3137457 (C.D. Cal. June 9, 2022) is likewise inapposite. There, a party sought leave to amend a cross-complaint after the deadline to do so. (*Id.* at *1.) The moving party claimed they needed to extend the deadline because they discovered new information in a deposition that alerted them to an additional claim. (*Id.*) However, after learning that information, they did not act diligently. The moving party discovered new information at a deposition on December 2, 2021, but did not seek to amend the scheduling order until May 9 of the following year – more than six months after they learned of their need to amend. (*Id.* at *2.)

1   At bottom, McDonald's has failed to show that Plaintiffs lacked diligence.
2   For this reason alone, the Motion should be granted.

3   **B.   McDonald's Would Not Suffer Prejudice**

4   In addition to its arguments regarding diligence, McDonald's raises the issue
5   of prejudice as a reason to deny Plaintiffs' motion. Prejudice, as McDonald's
6   concedes, is at most a secondary issue when considering a motion to extend
7   discovery. (Opp. at 2:13-3:7) The primary concern is the diligence inquiry. (*Id.*)
8   In any case, McDonald's would not be prejudiced in any way by the
9   requested extension of time, and it does not even present a plausible explanation of
10  the supposed prejudice in opposition. Instead, McDonald's makes the conclusory
11  assertion that "fact discovery would extend until after the exchange of initial and
12  rebuttal expert reports … and until only two months before the dispositive motion
13  deadline." (Opp. at 7:17-19.)
14  This is meritless. McDonald's does not suggest how Mr. Kempczsinki's
15  deposition could have any bearing on expert disclosures, which presumably relate to
16  technical issues like damages calculations and the comparability of Plaintiffs'
17  programs with those of other media companies. McDonald's also fails to explain
18  how Mr. Kempczinski's deposition might hinder its ability to prepare a summary
19  judgment motion due months later.
20  In any case, McDonald's knows or should know what its CEO will say at
21  deposition. Thus, it is extremely well-positioned to anticipate how his deposition
22  may impact expert disclosures and summary judgment motions. It is difficult to
23  imagine that McDonald's will be blindsided by its own CEO's testimony.
24  Finally, it appears that McDonald's invented these prejudice arguments as
25  pretext for this opposition. Counsel for the parties have engaged in extensive meet
26  and confer discussions, but McDonald's did not make a prejudice argument during
27  the meet and confer. McDonald's did not mention concerns about the expert
28  disclosure deadline or summary judgment deadline. [Schecter Decl. ¶ 7]. Indeed, as

recently as January 31, 2023, McDonald's counsel represented that McDonald's also hoped to quickly "reach a resolution" on the apex deposition issue, but did not express any concerns that doing so might prejudice McDonald's. (Schecter Decl. ¶ 8 and Ex. C.)

In any case, the real prejudice at issue here is prejudice to Plaintiffs. Because the parties were unable to resolve the apex deposition concerns, Plaintiffs have not been able to yet take Mr. Kempczinski's deposition. The parties still have not received a decision on the merits regarding whether and to what extent Mr. Kempczinski is shielded by the apex doctrine. Allowing time for such a decision will ensure that Plaintiffs have the opportunity to conduct the discovery needed to fully develop their case. Being denied the ability to reach a merits ruling on a key discovery dispute is significant prejudice, and it needlessly creates an issue for appeal. *Noyes*, 488 F.3d at 1174.

In granting Plaintiffs' motion, the Court can avoid creating such a loose end while preserving the substantive rights of the parties. The only way to avoid prejudice is to extend discovery for the limited purpose sought.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Limited Extension of Fact Discovery Deadline should be granted.

DATED: February 16, 2023          MILLER BARONDESS, LLP

By: _____
David Schecter
Attorneys for PLAINTIFFS

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 2121 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067.

On February 16, 2023, I served true copies of the following document(s) described as:

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 16, 2023, at Los Angeles, California.

*/s/ Tahira Murphy*

Tahira Murphy

600689.1

1

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE

# SERVICE LIST
## Entertainment Studios Networks, Inc. et al. v. McDonald's Corp
### Case No. USDC Case No. 2:21-cv-04972

| | |
|---|---|
| Shalem Massey<br>Jennifer Steeve<br>RILEY SAFER HOLMES & CANCILA LLP<br>100 Spectrum Center Drive, Ste 440<br>Irvine, CA 92618 | Attorneys for MCDONALD'S USA, LLC and MCDONALD'S CORPORATION<br><br>Tel: (949) 359-5515<br>Fax: (949) 359-5501<br>Email: smassey@rshc-law.com<br>jsteeve@rshc-law.com |
| Patricia Brown Holmes (pro hac vice)<br>Amy Andrews (pro hac vice)<br>RILEY SAFER HOLMES & CANCILA LLP<br>70 W. Madison Street, Ste 2900<br>Chicago, IL 60602 | Attorneys for MCDONALD'S USA, LLC and MCDONALD'S CORPORATION<br><br>Tel: (312) 471-8745<br>Fax: (312) 471-8701<br>Email: pholmes@rshc-law.com<br>aandrews@rshc-law.com |
| Loretta E. Lynch (pro hac vice)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064 | Attorneys for MCDONALD'S USA, LLC and MCDONALD'S CORPORATION<br><br>Tel: (212) 373-3000<br>Fax: (212) 373-3990<br>Email: lelynch@paulweiss.com |
| John C. Hueston<br>Moez M. Kaba<br>HUESTON HENNIGAN LLP 523 West 6th Street, Suite 400 Los Angeles, CA 90014 | Attorneys for MCDONALD'S USA, LLC and MCDONALD'S CORPORATION<br><br>Tel: (212) 373-3000<br>Fax: (212) 373-3990<br>Email: jhueston@hueston.com<br>mkaba@hueston.com |