UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4972 FMO (MAAx) | Date | June 29, 2023 |
|---|---|---|---|
| Title | Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Re: Application to Exclude Evidence

Having reviewed and considered all the briefing related to Defendant's Ex Parte Application to Exclude Plaintiffs' Untimely Disclosed Evidence [] (Dkt. 118, "Application"), the court concludes as follows.

Defendant seeks to exclude or strike the following from the Joint [] Motions for Partial Summary Judgment [], (Dkt. 115, "MSJ"): (1) "the Declaration of Mark DeVitre ('Declaration I') and Assignment of Claims ('Assignment')"; (2) "the Declaration of Mark DeVitre ('Declaration II') and Ratification of Claims ('Ratification')"; (3) "a Declaration from expert witness Tom Nunan (Nunan Declaration)"; and (4) "Plaintiff's Statement of Additional Facts[.]"  (Dkt. 118, Application at 1). With respect to the first two filings, defendant argues that they were disclosed in late May 2023, in violation of Federal Rule of Civil Procedure 37(c)(1) and the Court's Order of September 16, 2021. (Dkt. 29,  Court's Order of September 16, 2021, at 17) ("All fact discovery shall be completed no later than March 17, 2022.").[1]  These filings concern whether Entertainment Studios Networks, Inc.  ("Entertainment Studios") – one of the two plaintiffs in this action – was assigned the rights to pursue claims on behalf of CF Entertainment, Inc., which is not a plaintiff.  (See Dkt. 118, Application at 10-12).  Plaintiffs argue that "McDonald's fails to show that Plaintiffs even could disclose the information or documents, let alone that they were required to do so."  (Dkt. 121, Plaintiffs' Opposition to McDonalds' Ex Parte Application ("Opp.") at 5).  In support of their argument, plaintiffs aver that they "memorialized the assignment via a written agreement executed by AMG's General Counsel, Mark DeVitre, on May 15, 2023, and ESN and CFE executed a ratification pursuant to Rule 17(a)(3) on May 30, 2023."  (Id. at 7).  Because plaintiffs represent that "these documents were created after the close of fact discovery[,]" the court cannot conclude that plaintiffs improperly withheld discoverable evidence.  (Id. at 8).

However, these filings include new information that is relevant to defendant's motion for summary judgement.  (See, e.g., Dkt. 118, Application at 6-8); (Dkt. 115, MSJ at 2) ("Plaintiffs' [sic]

---

[1] All subsequent "Rule" references refer to the Federal Rules of Civil Procedure.  Citations to the record may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4972 FMO (MAAx) | Date | June 29, 2023 |
|---|---|---|---|
| Title | Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC | | |

do not have standing to assert any claims related to syndicated programming owned by a nonparty[.]"). Accordingly, the court finds that there is good cause to reopen discovery to give defendant an opportunity to depose Mr. DeVitre. See Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified upon a showing of good cause.").

Next, defendant argues that plaintiffs included a declaration from their expert, Tom Nunan, (see Dkt. 119-7, Declaration of Amy C. Andrews ("Andrews Decl."), Exh. G), which contained new opinions in violation of Rule 26 and the Court's Order of September 16, 2021. (See Dkt. 29, Court's Order of September 16, 2021, at 17) ("All expert discovery shall be completed by May 26, 2022."). The first opinion that defendant avers is new is Mr. Nunan's statement that "[n]o two networks have identical ratings, and yet brands like McDonald's will consider networks as alternatives despite differences in ratings." (Dkt. 118, Application at 21) (internal quotation marks omitted). Mr. Nunan's report, however, concludes that a brand's decision to advertise will turn on whether two networks have (1) "the same demographic audiences[,]" and (2) "feature the same programming[.]" (Dkt. 121-1, Declaration of David Schecter ("Schecter Decl."), Exh. B at 36). Accordingly, the court concludes that this opinion is not new.

The second opinion that defendant challenges is Mr. Nunan's statement that "[r]atings are a single quantitative factor that inform . . . primarily allocation (i.e., how much to spend on a network, not whether to spend at all)." (Dkt. 118, Application at 21-22) (internal quotation marks omitted). However, Mr. Nunan opines that "McDonald's conduct does not show that ratings are a determinative factor. . . . Ratings are primarily relevant on the issue of allocation[.]" (Dkt. 121-1, Schecter Decl., Exh. B at 39). The court concludes that this opinion is also not new.

Third, defendant challenges Mr. Nunan's statement that "if one network insists on a brand paying a premium in terms of price to advertise on the network, a brand can shift its advertising to other networks[.]" (Dkt. 118, Application at 22) (internal quotation marks omitted). Plaintiffs do not address whether this opinion is new, (see, generally, Dkt. 121, Opp. at 10-11), and, after review, the court was unable to locate it in Mr. Nunan's report. (See, generally, Dkt. 121-1, Schecter Decl., Exh. B at 42-48). Accordingly, the court will strike this portion of the declaration.

Finally, defendant argues that Mr. Nunan's Declaration contains a new opinion that McDonald's lacks "a 'ratings cut-off' and . . . that even if such a cut-off did exist, 'none [] are applied consistently[,]'" new opinions regarding "McDonald's advertising on Aspire and Revolt[,]" and a new opinion that "'courtroom TV shows are among the type of shows the still attract viewers to linear TV in significant numbers.'" (Dkt. 118, Application at 22-23). After review, the court agrees that the first and third opinions were not previously disclosed, (see, generally, Dkt. 121-1, Schecter Decl., Exh. B at 30-39), and will strike them. However, Mr. Nunan's statements concerning McDonald's advertising on Aspire and Revolt appear to simply apply the same conclusions to different examples and, accordingly, the court will not strike them. (See Dkt. 121-1, Schecter Decl., Exh. B at 30-39).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4972 FMO (MAAx) | Date | June 29, 2023 |
|---|---|---|---|
| Title | Entertainment Studios Networks, Inc., et al. v. McDonald's USA, LLC | | |

    With respect to the additional statement of undisputed facts, the parties' disagreement appears to concern the timing of a non-moving party's additional statement: defendant argues that the moving party should have 14 days, not two, to respond to such a statement. (Compare Dkt. 118, Application at 25; with Dkt. 121, Opp. at 11-12). At the heart of the disagreement is the court's summary judgement scheduling order. (See Dkt. 30, Court's Order of September 16, 2021, at 4-5). Given the recent modifications to Local Rule 56, see Local Rule 56, June 1, 2023, Amendments, the court intends to issue a new summary judgment scheduling order, which will resolve the parties' confusion.

    Based on the forgoing, IT IS ORDERED THAT:

    1. Defendants' Ex Parte Application **(Document No. 118)** is **granted in part** and **denied in part**.

    2. Defendant may serve plaintiff Entertainment Studios, no later than two (2) calendar days from the filing date of this Order, with two additional requests for production and two (2) additional interrogatories relating to the assignment. Entertainment Studios shall respond to the additional requests no later than ten (10) calendar days following service of the requests.

    3. Unless counsel for the parties agree otherwise and in writing, Mark DeVitre's deposition shall be taken on **Monday, July 10, 2023**, at **10:00 a.m.** at an office selected by defense counsel in the City of Los Angeles. The deposition shall not exceed three (3) hours.

    4. The parties' MSJ **(Document No. 115)** is **stricken**. The parties shall refile their motions for summary judgment no later than 60 days after the issuance of a revised summary judgment scheduling order by the court. When filing the revised motions for summary judgment, plaintiffs shall omit the new opinions by Mr. Nunan that were identified above.

    5. Except as set forth above, all other deadlines are vacated pending a ruling on the parties' cross-motions for summary judgment.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | gga |